In an action for contractual and common-law indemnification, the defendant appeals from an order of the Supreme Court, Nassau County (Galasso, J.), entered March 9, 2012, which denied its motion, in effect, pursuant to CPLR 3211 (a) to dismiss the amended complaint.
Ordered that the order is affirmed, with costs.
“On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory” (Breytman v Olinville Realty, LLC, 54 AD3d 703, 703-704 [2008]; see Leon v Martinez, 84 NY2d 83, 87-88 [1994]). Where, as here, evidentiary material is submitted and considered on a motion pursuant to CPLR 3211 (a) (7), and the motion is not converted *575 into one for summary judgment, “the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one, and, unless it has been shown that a material fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it . . . dismissal should not eventuate” (Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]; see Nunez v Mohamed, 104 AD3d 921 [2013]; Rabos v R&R Bagels & Bakery, Inc., 100 AD3d 849, 851-852 [2012]).
Here, the amended complaint contains sufficient factual allegations to state causes of action for contractual and common-law indemnification against the defendant and in favor of the plaintiff, as assignee of the claims of the nonparty Locust Valley Central School District (hereinafter Locust Valley). Under New York law, claims are generally assignable (see Home Depot U.S.A., Inc. v National Fire & Mar. Ins. Co., 55 AD3d 671, 673 [2008]; Greevy v Becker, Isserlis, Sullivan & Kurtz, 240 AD2d 539 [1997]). Moreover, “[n]o special form or language is necessary to effect an assignment as long as the language shows the intention of the owner of a right to transfer it” (Tawil v Finkelstein Bruckman Wohl Most & Rothman, 223 AD2d 52, 55 [1996]; see Suraleb, Inc. v International Trade Club, Inc., 13 AD3d 612, 612 [2004]; Matter of Stralem, 303 AD2d 120, 122 [2003]). Contrary to the defendant’s contention, it was not necessary for the plaintiff to enter into a “liquidating agreement” with Locust Valley, because the amended complaint sufficiently alleges facts which, if proven, would establish that Locust Valley, the assignor, had viable claims for contractual and common-law indemnification against the defendant in the absence of such an agreement (see generally Canela v TLH 140 Perry St., LLC, 47 AD3d 743 [2008]; 17 Vista Fee Assoc, v Teachers Ins. & Annuity Assn, of Am., 259 AD2d 75, 80 [1999]; cf. I.T.R.I. Masonry Corp. v State of New York, 21 AD3d 990 [2005]). Since the allegations in the amended complaint are sufficient to state causes of action for contractual and common-law indemnification, and since the evidentiary materials submitted by the defendant do not show that the allegations are undisputedly not facts at all, the Supreme Court properly denied that branch of the defendant’s motion which was pursuant to CPLR 3211 (a) (7) to dismiss the amended complaint (see Guggenheimer v Ginzburg, 43 NY2d at 275; Bokhour v GTI Retail Holdings, Inc., 94 AD3d 682, 683 [2012]; Rabos v R&R Bagels & Bakery, Inc., 100 AD3d at 852).
“A motion to dismiss a complaint pursuant to CPLR 3211 (a) (1) may be granted only if the documentary evidence submitted *576 by the moving party utterly refutes the factual allegations of the complaint and conclusively establishes a defense to the claims as a matter of law” (Bua v Purcell & Ingrao, P.C., 99 AD3d 843, 844-845 [2012]; see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; Rabos v R&R Bagels & Bakery, Inc., 100 AD3d at 851). Here, the defendant’s documentary evidence does not utterly refute the factual allegations of the amended complaint. Accordingly, the Supreme Court properly denied that branch of the defendant’s motion which was pursuant to CPLR 3211 (a) (1) to dismiss the amended complaint based on documentary evidence.
Moreover, the Supreme Court properly denied that branch of the defendant’s motion which was pursuant to CPLR 3211 (a) (5) to dismiss the amended complaint as time-barred. “To dismiss a cause of action pursuant to CPLR 3211 (a) (5) on the ground that it is barred by the statute of limitations, a defendant bears the initial burden of establishing prima facie, that the time in which to sue has expired” (Fleetwood Agency, Inc. v Verde Elec. Corp., 85 AD3d 850, 850 [2011]; see Benjamin v Keyspan Corp., 104 AD3d 891 [2013]). Here, the defendant failed to meet its prima facie burden of establishing that the indemnification causes of action accrued more than six years prior to the commencement of the action (see CPLR 213 [2]; Fleetwood Agency, Inc. v Verde Elec. Corp., 85 AD3d at 850; see generally State of New York v Speonk Fuel, Inc., 3 NY3d 720, 723 [2004]; McDermott v City of New York, 50 NY2d 211, 217 [1980]; Union Turnpike Assoc., LLC v Getty Realty Corp., 27 AD3d 725, 727 [2006]).
The plaintiffs remaining contentions need not be reached in light of our determination. Balkin, J.P, Hall, Lott and Sgroi, JJ., concur.