■ LEONARD SPOSATO, Respondent, v SUSAN PABOOJIAN, Appellant. [974 NYS2d 251]—

In an action pursuant to RPAPL article 15 to compel the determination of claims to real property, the defendant appeals from an order of the Supreme Court, Westchester County (Tolbert, J.), entered February 21, 2012, which denied her motion to dismiss the complaint for failure to state a cause of action.

Ordered that the order is affirmed, with costs.

The plaintiff commenced this action pursuant to RPAPL article 15 to compel the determination of claims to real property. The plaintiff alleged that he was the owner of a disputed strip of land under a theory of adverse possession. The defendant moved to dismiss the complaint for failure to state a cause of action. The Supreme Court denied the defendant's motion.

"On a motion to dismiss the complaint pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must afford the pleading a liberal construction, accept all facts as alleged in the pleading to be true, accord the plaintiff the benefit of every possible inference, and determine only whether the facts as alleged fit within any cognizable legal theory" (*Breytman v Olinville Realty, LLC*, 54 AD3d 703, 703-704 [2008]; *see Leon v Martinez*, 84 NY2d 83, 87-88 [1994]). Where, as here, evidentiary material is submitted and considered on a motion pursuant to CPLR 3211 (a) (7), and the motion is not converted into one for summary judgment, "the criterion is whether the proponent of the pleading has a cause of action, not whether he has stated one, and, unless it has been shown that a material

fact as claimed by the pleader to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it . . . dismissal should not eventuate" (*Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *see Nunez v Mohamed*, 104 AD3d 921, 922 [2013]; *Rabos v R&R Bagels & Bakery, Inc.*, 100 AD3d 849, 851-852 [2012]).

Adverse possession requires that possession be hostile and under a claim of right, actual, open and notorious, exclusive, and continuous for a period of 10 years (*see* RPAPL 501; *Galchi v Garabedian*, 105 AD3d 700, 700-701 [2013]; *Sprotte v Fahey*, 95 AD3d 1103, 1104 [2012]; *Kelly v Bastianic*, 93 AD3d 691, 693 [2012]). Here, accepting all of the facts alleged in the complaint as true and according the plaintiff the benefit of every possible inference (*see Leon v Martinez*, 84 NY2d at 87), the complaint states a cause of action for adverse possession (*see Matter of Lee*, 96 AD3d 941, 943 [2012]; *Maya's Black Cr., LLC v Angelo Balbo Realty Corp.*, 82 AD3d 1175, 1177 [2011]; *Hodges v Beattie*, 68 AD3d 1597, 1599 [2009]). Furthermore, since the evidentiary materials submitted by the defendant do not, as a matter of law, resolve the parties' factual disputes such that it can be said that allegations in the complaint were not facts at all, the Supreme Court properly denied the defendant's motion to dismiss the complaint for failure to state a cause of action (*see Guggenheimer v Ginzburg*, 43 NY2d at 275; *Constructamax, Inc. v Dodge Chamberlin Luzine Weber, Assoc. Architects, LLP*, 109 AD3d 574 [2013]; *Rabos v R&R Bagels & Bakery, Inc.*, 100 AD3d at 851-852; *Williams v New York City Hous. Auth.*, 238 AD2d 413 [1997]).

The defendant's remaining contention is academic in light of our determination. Skelos, J.P., Cohen, Miller and Hinds-Radix, JJ., concur.