Beginning in September 2006, the plaintiff, a Cayman Islands company, allegedly invested almost $12 million in the AJW Fund, an investment fund in the Cayman Islands. The defendants, based in New York, allegedly were responsible for the management of the AJW Fund. In 2008, the defendants informed the plaintiff that a restructuring was taking place and a new fund was being formed, and offered it three options for the disposition of its shares in the AJW Fund. The plaintiff chose to exchange its shares in the AJW Fund for shares in the new AJW Fund II, with the option of redeeming up to 12.5% of the value of its shares in each of the subsequent eight calender quarters. The plaintiff subsequently requested redemption of all *838 its shares, but over eight calender quarters allegedly received only a small fraction of its total investment. Thereafter, the plaintiff commenced this action to recover damages, inter alia, for fraudulent misrepresentation.
The Supreme Court properly denied the defendants’ motion to dismiss the complaint.
“A motion pursuant to CPLR 3211 (a) (1) to dismiss the complaint on the ground that the action is barred by documentary evidence may be granted ‘only where the documentary evidence utterly refutes plaintiffs factual allegations, conclusively establishing a defense as a matter of law’ ” (Stathakos v Metropolitan Tr. Auth. Long Is. R.R., 109 AD3d 979, 980 [2013], quoting Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]). Here, the documentary evidence submitted by the defendants did not conclusively establish a defense to the plaintiffs claims as a matter of law (see Constructamax, Inc. v Dodge Chamberlin Luzine Weber, Assoc. Architects, LLP, 109 AD3d 574, 575-576 [2013]).
On a motion to dismiss a complaint pursuant to CPLR 3211 (a) (7), the court should accept the facts as alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88 [1994]; Parekh v Cain, 96 AD3d 812, 815 [2012]). The defendants contend that the complaint should be dismissed because the plaintiffs claims belong to the AJW Fund II, and may not be brought individually by the plaintiff under New York law or Cayman Islands law. However, affording the pleadings a liberal construction, accepting the allegations of the complaint as true, and according the plaintiff the benefit of every possible favorable inference (see PDK Labs, Inc. v G.M.G. Trans W. Corp., 101 AD3d 970, 974 [2012]), the complaint adequately pleaded causes of action on behalf of the plaintiff.
Moreover, we find no merit to the defendants’ contention that the plaintiff failed to set forth sufficient details in its complaint to satisfy the pleading requirements of CPLR 3016 (b), which governs claims to recover damages for, inter alia, fraudulent conduct (see Etzion v Etzion, 62 AD3d 646 [2009]). The plaintiff pleaded, with sufficient particularity, among other things, that the defendants misrepresented the value of the funds’ investments and available cash and misrepresented to the plaintiff that it had the option of redeeming up to 12.5% of the value of its shares in each of the subsequent calender quarters. Additionally, the plaintiff alleged that the defendants reported inflated asset values.
*839 The defendants’ remaining contentions are either without merit or not properly before this Court. Balkin, J.P., Chambers, Austin and Roman, JJ., concur.