In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Martin, J.), dated April 10, 2013, which granted the motion of the defendants Brown Harris Stevens Residential Management, LLC, and Fifth Seventy Seven, Inc., pursuant to *911 CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them.
Ordered that the order is reversed, on the law, with costs, and the motion of the defendants Brown Harris Stevens Residential Management, LLC, and Fifth Seventy Seven, Inc., pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them is denied.
On a motion to dismiss pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must accept the facts alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326 [2002]; Leon v Martinez, 84 NY2d 83, 87 [1994]; Sposato v Paboojian, 110 AD3d 979 [2013]; Constructamax, Inc. v Dodge Chamberlin Luzine Weber, Assoc. Architects, LLP, 109 AD3d 574 [2013]). A court “may consider affidavits submitted by the plaintiff to remedy any defects in the complaint and, upon considering such affidavits, the facts alleged therein must also be assumed to be true” (Pasquaretto v Long Is. Univ., 106 AD3d 794, 795 [2013]; see Freeman v City of New York, 111 AD3d 780 [2013]). Where, as here, evidentiary material is submitted and considered on a motion pursuant to CPLR 3211 (a) (7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact claimed by the plaintiff to be one is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate (see Guggenheimer v Ginzburg, 43 NY2d 268, 275 [1977]; Sposato v Paboojian, 110 AD3d at 979; Constructamax, Inc. v Dodge Chamberlin Luzine Weber, Assoc. Architects, LLP, 109 AD3d at 574-575).
Applying these principles here, the Supreme Court erred in granting the motion of the defendants Brown Harris Stevens Residential Management, LLC, and Fifth Seventy Seven, Inc. (hereinafter together the respondents), pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against them. The complaint, as supplemented by the plaintiff’s affidavit, states a cause of action to recover damages from the respondents for the alleged negligence of their employee under the doctrine of respondeat superior (see Riviello v Waldron, 47 NY2d 297 [1979]; D'Auvergne v Dis Is We Thing, Inc., 110 AD3d 948 [2013]; Porcelli v Key Food Stores Co-Op., Inc., 44 AD3d 1020, 1021 [2007]), which is not required to be pleaded with specific *912 ity (see Faiella v Tysens Park Apts., LLC, 110 AD3d 1028 [2013]; Mantione v Crazy Jakes, Inc., 101 AD3d 1719, 1720 [2012]; Porcelli v Key Food Stores Co-Op., Inc., 44 AD3d at 1021-1022). Furthermore, the respondents’ evidentiary submissions did not resolve the parties’ factual disputes such that it can be said that the allegations in the plaintiffs complaint and affidavit are not facts at all (see Sposato v Paboojian, 110 AD3d 979 [2013]; Rabos v R&R Bagels & Bakery, Inc., 100 AD3d 849, 853 [2012]).
Eng, EJ., Miller, Hinds-Radix and Maltese, JJ., concur.