■ Joseph Mizrahi, Respondent, v US Bank, National Association, as Trustee for Credit Suisse First Boston CSFB 2005-2, Also Known as US Bank, National Association, as Trustee for Credit Suisse Boston Mortgage Securities Corp., CSFB Mortgage Pass-Thru Certificates, Series 2005-2, Appellant, et al., Defendants. [64 NYS3d 572]—

In an action pursuant to RPAPL 1501 (4) to cancel and discharge a mortgage, the defendant US Bank, National Association, appeals from an order of the Supreme Court, Kings County (Rothenberg, J.), dated May 28, 2015, which denied its motion pursuant to CPLR 3211 (a) to dismiss the complaint insofar as asserted against it or, in the alternative, pursuant to CPLR 2201 to stay all proceedings in the action pending resolution of its appeal in the related foreclosure action.

Ordered that the order is reversed, on the law, with costs, that branch of the appellant's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it is granted, and the motion is otherwise denied as academic.

On a motion to dismiss pursuant to CPLR 3211 (a) (7) for failure to state a cause of action, the court must accept the facts alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (*see Goshen v Mutual Life Ins. Co. of N.Y.*, 98 NY2d 314, 326 [2002]; *Leon v Martinez*, 84 NY2d 83, 87 [1994]; *Sposato v Paboojian*, 110 AD3d 979 [2013]; *Constructamax, Inc. v Dodge Chamberlin Luzine Weber, Assoc. Architects, LLP*,

109 AD3d 574 [2013]). Where, as here, evidentiary material is submitted and considered on a motion pursuant to CPLR 3211 (a) (7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact claimed by the plaintiff to be one is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate (*see Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]; *Sposato v Paboojian*, 110 AD3d at 979; *Constructamax, Inc. v Dodge Chamberlin Luzine Weber, Assoc. Architects, LLP*, 109 AD3d at 574-575).

RPAPL 1501 (4) provides that "[w]here the period allowed by the applicable statute of limitation for the commencement of an action to foreclose a mortgage . . . has expired," any person with an estate or interest in the property may maintain an action "to secure the cancellation and discharge of record of such encumbrance, and to adjudge the estate or interest of the plaintiff in such real property to be free therefrom." Here, the plaintiff alleged in his complaint that the defendant US Bank, National Association (hereinafter US Bank), accelerated the underlying mortgage debt in February 2008, that an action by US Bank to foreclose the subject mortgage had been dismissed by order dated November 29, 2012, and that US Bank had failed to commence a new foreclosure action within six years after the acceleration of the mortgage debt. However, in support of its motion, US Bank submitted evidence demonstrating that it had appealed from an order denying that branch of its motion which was to vacate the November 2012 order dismissing the foreclosure action. This evidence demonstrated that, contrary to the allegations set forth in the complaint, the foreclosure action was still pending and unresolved (*see Lehman Bros. v Hughes Hubbard & Reed*, 92 NY2d 1014, 1016-1017 [1998]). Since the evidence submitted by US Bank demonstrated that material facts alleged in the plaintiff's complaint were not facts at all, and that no significant dispute exists regarding them (*see Reznick v Bluegreen Resorts Mgt., Inc.*, 154 AD3d 891, 893 [2017], quoting *Guggenheimer v Ginzburg*, 43 NY2d 268, 275 [1977]), the Supreme Court should have granted that branch of US Bank's motion which was pursuant to CPLR 3211 (a) (7) to dismiss the complaint insofar as asserted against it. Dillon, J.P., Sgroi, Hinds-Radix and Iannacci, JJ., concur.