Graphic Arts Mut. Ins. Co. v Pine Bush Cent. Sch. Dist. (2018 NY Slip Op 01565)





Graphic Arts Mut. Ins. Co. v Pine Bush Cent. Sch. Dist.


2018 NY Slip Op 01565


Decided on March 9, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

L. PRISCILLA HALL, J.P.
LEONARD B. AUSTIN
SANDRA L. SGROI
LINDA CHRISTOPHER, JJ.


2015-11565
 (Index No. 6304/15)

[*1]Graphic Arts Mutual Insurance Company, appellant,
v
Pine Bush Central School District, et al., respondents.


Lester Schwab Katz & Dwyer, LLP (Simpson Thacher & Bartlett, LLP, New York, NY [Jonathan K. Youngwood, Jonathan S. Zelig, and Lauren E. Repole], of counsel), for appellant.
Hogan Lovells US, LLP, New York, NY (Ira M. Feinberg of counsel), for respondents.



DECISION & ORDER
Appeal from an order of the Supreme Court, Orange County (Elaine Slobod, J.), dated October 15, 2015. The order, insofar as appealed from, granted those branches of the defendants' motion which were pursuant to CPLR 3211(a)(1) and (7) to dismiss the first, second, third, and fourth causes of action.
ORDERED that the order is reversed insofar as appealed from, on the law, with costs, and those branches of the defendants' motion which were pursuant to CPLR 3211(a)(1) and (7) to dismiss the first, second, third, and fourth causes of action are denied.
The plaintiff issued four consecutive Commercial General Liability (hereinafter CGL) and School District and Educators Legal Liability (hereinafter SDELL) primary policies, as well as CGL umbrella policies, to the defendant Pine Bush Central School District (hereinafter the School District) covering each academic year from July 1, 2008, to July 1, 2012. In an action entitled T.E. v Pine Bush Central School Dist., commenced in the United States District Court for the Southern District of New York (case number 12-CV-2303) (hereinafter the underlying action), five students alleged that the School District, the defendant Pine Bush Central School District Board of Education, the defendant Philip G. Steinberg, as the superintendent of the School District, the defendant Eric Winter, as the principal of Pine Bush Elementary School and the former assistant principal of Crispell Middle School, the defendant Steve Fisch, as the former principal of Pine Bush Elementary School, the defendant Robert Peters, as the former assistant principal of Crispell Middle School (hereinafter collectively the defendants), and other administrators violated their civil rights by being deliberately indifferent to anti-Semitic harassment and discrimination perpetrated by other students against them. In April 2012, Steinberg notified the plaintiff of the underlying action and the plaintiff advised the School District that it would pay the costs of the defense in the underlying action, but reserved its right to disclaim coverage upon further investigation of the allegations. The plaintiff eventually disclaimed any duty to indemnify the defendants in the underlying action. However, it [*2]continued to provide a defense through the resolution of the underlying action.
During mediation, the parties to the underlying action agreed to settle that action for a total of $3,000,000 in compensatory damages and $1,480,000 in attorneys' fees. A representative of the plaintiff attended the mediation. The plaintiff did not contribute toward the settlement.
Thereafter, the plaintiff commenced this action against the defendants alleging five causes of action. The first four causes of action sought a judgment declaring that the plaintiff is not obligated to indemnify the defendants in the underlying action under the various policies issued by it to the School District. According to the allegations set forth in the complaint with respect to those causes of action, the plaintiffs in the underlying action, in their first amended complaint, based their claims against the defendants on intentional discriminatory conduct related to disparate treatment. The plaintiff in this action alleged, inter alia, that exclusions to the policies issued to the School District precluded coverage for claims seeking damages stemming from intentional discriminatory conduct, and that those claims did not fall under the definition of either a covered "occurrence" or "loss" as those terms were defined by the policies. The fifth cause of action sought a declaration that, in the event the plaintiff was found to have a duty to indemnify the defendants in the underlying action, the duty to indemnify would be limited to that part of the settlement that was found to be reasonable, since the plaintiff alleged that the settlement amount in the underlying action was excessive.
The defendants moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint. The Supreme Court granted those branches of the motion which were to dismiss the first, second, third, and fourth causes of action, but denied that branch of the motion which was to dismiss the fifth cause of action. The plaintiff appeals from so much of the order as granted those branches of the defendants' motion which were pursuant to CPLR 3211(a)(1) and (7) to dismiss the first, second, third, and fourth causes of action.
A motion to dismiss on the basis of CPLR 3211(a)(1) may be granted "only where the documentary evidence utterly refutes plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326; see 533 Park Ave. Realty, LLC v Park Ave. Bldg. & Roofing Supplies, LLC, 156 AD3D 744, 746; 413 Throop, LLC v Triumph, the Church of the New Age, 153 AD3d 1306, 1307). For evidence to be considered documentary, it "must be unambiguous and of undisputed authenticity" (Fontanetta v John Doe 1, 73 AD3d 78, 86).
On a motion to dismiss pursuant to CPLR 3211(a)(7) for failure to state a cause of action, the court must accept the facts alleged in the complaint as true, accord the plaintiff the benefit of every possible favorable inference, and determine only whether the facts as alleged fit within any cognizable legal theory (see Goshen v Mutual Life Ins. Co. of N.Y., 98 NY2d at 326; Leon v Martinez, 84 NY2d 83, 87; Sposato v Paboojian, 110 AD3d 979, 979; Constructamax, Inc. v Dodge Chamberlin Luzine Weber, Assoc. Architects, LLP, 109 AD3d 574, 574). Where, as here, evidentiary material is submitted and considered on a motion pursuant to CPLR 3211(a)(7), and the motion is not converted into one for summary judgment, the question becomes whether the plaintiff has a cause of action, not whether the plaintiff has stated one, and unless it has been shown that a material fact claimed by the plaintiff to be one is not a fact at all, and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate (see Guggenheimer v Ginzburg, 43 NY2d 268, 275; Sposato v Paboojian, 110 AD3d at 979; Constructamax, Inc. v Dodge Chamberlin Luzine Weber, Assoc. Architects, LLP, 109 AD3d at 574-575).
Here, in considering dismissal of the first four causes of action pursuant to CPLR 3211(a)(1), the documentary evidence submitted by the defendants, to wit, the insurance policies, does not provide a complete defense to the first four causes of action that it did not owe a duty to indemnify the defendants in the underlying action. Similarly, in considering dismissal of the first four causes of action pursuant to CPLR 3211(a)(7), the evidence annexed by the defendants to their motion did not show that the first through fourth causes of action were not valid causes of action.
"Contracts of insurance, like other contracts, are to be construed according to the sense and meaning of the terms which the parties have used, and if they are clear and unambiguous the terms are to be taken and understood in their plain, ordinary and proper sense" (Johnson v Travelers Ins. Co., 269 NY 401, 408; see Ralex Servs., Inc. v Southwest Marine & Gen. Ins. Co., 155 AD3d 800, 802). Here, according to the language employed in the CGL coverage part of the plaintiff's primary policies, coverage was provided for bodily injury caused by an "occurrence," which was defined as "an accident, including continuous or repeated exposure to substantially the same general harmful conditions." The SDELL coverage part of the policies afforded coverage for a "loss," which excluded matters that may be deemed uninsurable under the law. Whether a loss is the result of an accident must be determined from the point of view of the insured (see Agoado Realty Corp. v United Intl. Ins. Co., 95 NY2d 141, 145, citing Miller v Continental Ins. Co., 40 NY2d 675, 677). Where the loss is unexpected, unusual, or unforeseen from the point of view of the insured, the loss constitutes an accident (see RJC Realty Holding Corp. v Republic Franklin Ins. Co., 2 NY3d 158, 164-165). An act that is intentionally committed or performed may still be considered an accident within the meaning of an insurance policy, as long as the insured did not expect or intend the harm caused (see e.g. id. at 163-164; Miller v Continental Ins. Co., 40 NY2d at 677).
Whether an event or series of events qualifies as an accident is a question of fact (see McGroarty v Great Am. Ins. Co., 36 NY2d 358, 363-364). "[R]egardless of the initial intent or lack thereof as it relates to causation, or the period of time involved, if the resulting damage could be viewed as unintended by the fact finder the total situation could be found to constitute an accident" (id. at 364-365). "The duty to defend is measured against the allegations of pleadings but the duty to pay is determined by the actual basis for the insured's liability to a third person" (Servidone Constr. Corp. v Security Ins. Co. of Hartford, 64 NY2d at 424).
The allegations set forth in the first amended complaint filed in the underlying action averred that the defendants deliberately ignored complaints and their own observations of student-on-student anti-Semitic harassment and discrimination or responded in an unreasonable or inadequate manner to such complaints and observations. The plaintiffs in the underlying action further alleged that repeated and frequent incidents of anti-Semitic harassment and discrimination against them by other students, which were reported to school officials on numerous occasions and directly observed on other occasions by school personnel, gave rise to an inference that the defendants "intended for the harassment to occur" based upon the defendants' practices, policies, and customs in dealing with reports and observations of anti-Semitic harassment and discrimination, that the defendants "intentionally discriminated" against the plaintiffs, that the defendants' conduct "aided and incited" unlawful discrimination, and that the defendants' acts and omissions were "undertaken recklessly and with the intent to engage in wrongful conduct."
While "it is not legally impossible to find accidental results flowing from intentional causes, i.e., that the resulting damage was unintended although the original act or acts leading to the damage were intentional" (McGroarty v Great Am. Ins. Co., 36 NY2d at 364), the insurance policies do not conclusively establish that the plaintiff is obligated to indemnify the defendants in the underlying action, and the other evidence submitted by the defendants did not utterly refute the factual allegations set forth in the plaintiff's complaint. Whether the incidents set forth in the amended complaint in the underlying action were accidents present questions of fact which cannot be determined on a motion to dismiss pursuant to CPLR 3211(a)(1) and (7) (see McGroarty v Great Am. Ins. Co., 36 NY2d at 363-364; 535 Park Ave. Realty, LLC v Park Ave. Bldg. & Roofing Supplies, LLC, 156 AD3d 744, 748).
Accordingly, the Supreme Court should have denied those branches of the defendants' motion which were pursuant to CPLR 3211(a)(1) and (7) to dismiss the first, second, third, and fourth causes of action.
HALL, J.P., AUSTIN, SGROI and CHRISTOPHER, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court