4 Stella Mgt., LLC v Citimortgage, Inc. (2022 NY Slip Op 02520)

4 Stella Mgt., LLC v Citimortgage, Inc.

2022 NY Slip Op 02520

Decided on April 20, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 20, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
SHERI S. ROMAN
LINDA CHRISTOPHER
WILLIAM G. FORD, JJ.

2019-14306
 (Index No. 702710/19)

[*1]4 Stella Management, LLC, et al., appellants,
v
Citimortgage, Inc., respondent.

Daniels Norelli Cecere & Tavel, P.C., Hicksville, NY (Michael R. Margolis and Sherrie A. Taylor of counsel), for appellants.
Akerman LLP, New York, NY (Ashley S. Miller of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the plaintiffs appeal from an order of the Supreme Court, Queens County (Carmen R. Velasquez, J.), entered December 2, 2019. The order, insofar as appealed from, granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint and denied, as academic, the plaintiffs' motion for a preliminary injunction.
ORDERED that the order is affirmed insofar as appealed from, with costs.
In 2008, the plaintiff Yusef Mulazhanov executed a note in favor of the defendant's predecessor in interest, which was secured by a mortgage on certain real property in Queens. Shortly thereafter, Mulazhanov deeded the property to the plaintiff 4 Stella Management, LLC (hereinafter 4 Stella), of which Mulazhanov was a member. In 2009, the defendant commenced a foreclosure action which was subsequently dismissed. In 2017, the defendant commenced a second foreclosure action. In an order entered December 5, 2018, the Supreme Court granted that branch of the plaintiffs' motion which was to dismiss the complaint insofar as asserted against Mulazhanov as time-barred, but denied that branch of the motion which was to vacate 4 Stella's default in appearing or answering the complaint.
In February 2019, the plaintiffs commenced this action pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage, to permanently enjoin the foreclosure action, and to quiet title to the subject property. Shortly thereafter, the plaintiffs moved to preliminarily enjoin the defendant from prosecuting the foreclosure action. The defendant moved pursuant to CPLR 3211(a) to dismiss the complaint. In an order entered December 2, 2019, the Supreme Court granted the defendant's motion and denied the plaintiffs' motion as academic in light of that determination. The plaintiffs appeal. We affirm.
Pursuant to RPAPL 1501(4), "any person having an estate or interest in the real property subject" to a mortgage may maintain an action to cancel and discharge such mortgage of record where "the period allowed by the applicable statute of limitation for the commencement of an action to foreclose a mortgage . . . has expired."
Because the expiration of the statute of limitations is an essential element of an action pursuant to RPAPL 1501(4), the existence of a pending foreclosure action precludes a RPAPL 1501(a) action (see Retemiah v Bank of N.Y. Mellon, 195 AD3d 649, 650; Mizrahi v US Bank, N.A., 156 AD3d 617, 618; see also Jadron v 10 Leonard St., LLC, 124 AD3d 842, 843). Since it was undisputed that the foreclosure action was pending and moving toward foreclosure, the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint was properly granted (see Mizrahi v US Bank, N.A., 156 AD3d at 618).
In light of the foregoing, we need not reach the plaintiffs' remaining contentions.
BRATHWAITE NELSON, J.P., ROMAN, CHRISTOPHER and FORD, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court