Lynx Asset Servs., LLC v Nestor (2022 NY Slip Op 06170)

Lynx Asset Servs., LLC v Nestor

2022 NY Slip Op 06170

Decided on November 03, 2022

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: November 03, 2022

Before: Renwick, J.P., Kern, Moulton, Mendez, Pitt, JJ. 

Index No. 850129/19 Appeal No. 16598 Case No. 2022-01979 

[*1]Lynx Asset Services, LLC, Plaintiff-Respondent,
v
Peggy Nestor, Defendant-Appellant, Marianne Nestor Also Known as Marianne Nestor Cassini et al., Defendants.

Peggy Nestor, appellant pro se.
McGrail & Bensinger, LLP, New York (Ilana Volkov of counsel), for respondent.

Order, Supreme Court, New York County (Francis A. Kahn III, J.), entered on or about April 6, 2022, which denied defendant Peggy Nestor's motion to vacate her default and to dismiss the complaint, or alternatively for leave to file a late answer or a traverse hearing, and granted plaintiff's motion for summary judgment and an order of reference, unanimously affirmed, with costs.
The affidavit of the process server established, prima facie, that defendant Peggy Nestor was properly served, by three attempts at personal service at the mortgaged premises, followed by "nail and mail" service (CPLR 308[4]; see Grinshpun v Borokhovich, 100 AD3d 551, 552 [1st Dept 2012], lv denied 21 NY3d 857 [2013]). Moreover, defendant agreed in a stipulation to extend her time to answer that she had been served with the summons and complaint on July 29, 2019, and that she would not assert improper service of process or lack of personal jurisdiction as defenses. In light of the foregoing, there is no need for a traverse hearing (see American Sav. & Loan Assn. v Twin Eagles Bruce, 208 AD2d 446, 447 [1st Dept 1994], lv dismissed 85 NY2d 1032 [1995]).
Absent a reasonable excuse for her default, whether defendant demonstrated a potentially meritorious defense need not be considered (see Expo Dev. Corp. v 824 S.E. Blvd. Realty Corp., 113 AD3d 549 [1st Dept 2014]). In any event, she has not advanced any meritorious defenses.
Plaintiff established a prima facie right to foreclose by producing the note, the mortgage securing the note, and evidence of nonpayment (see U.S. Bank N.A. v Brjimohan, 153 AD3d 1164, 1165 [1st Dept 2017]). Those documents were attached to an affidavit of plaintiff's vice president, who averred as to his personal knowledge of the facts and established defendant's default. Defendant's defenses that she did not receive notices required by RPAPL 1303 and 1304, that plaintiff failed to name a necessary party, and that plaintiff failed to elect its remedy, are unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: November 3, 2022