RREF IV--D DLI GS, LLC v HFZ E. 51st St. Retail Owner LLC (2023 NY Slip Op 50510(U))

[*1]

RREF IV - D DLI GS, LLC v HFZ E. 51st St. Retail Owner LLC

2023 NY Slip Op 50510(U)

Decided on May 26, 2023

Supreme Court, New York County

Reed, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on May 26, 2023
Supreme Court, New York County

RREF IV 
 - D DLI GS, LLC, Plaintiff,

against
HFZ East 51ST Street Retail Owner LLC, HFZ CAPITAL GROUP, LLC, BOARD OF MANAGERS OF HALCYON CONDOMINIUM, EAST 51ST STREET DEVELOPMENT COMPANY, LLC, 968 KINGSMEN, LLC, JAMES KENNELLY, NEW YORK CITY DEPARTMENT OF FINANCE, NEW YORK STATE DEPARTMENT OF TAXATION AND FINANCE, PERCIBALLI INDUSTRIES INC., GILLMAN CONSULTING INC., UNITED STATES INFORMATION SYSTEMS, INC., TRITON CONSTRUCTION COMPANY LLC, DESIMONE CONSULTING ENGINEERING, and "JOHN DOE" NO. 1 THROUGH "JOHN DOE" NO. 100, inclusive, the last one hundred names being fictitious and unknown to plaintiff, the persons or parties intended being the tenants, occupants, persons or corporations, if any, having or claiming an interest or lien upon the premises described in the complaint, Defendants.

Index No. 850126/2022

Robert R. Reed, J.

The following e-filed documents, listed by NYSCEF document number (Motion 002) 44, 45, 46, 47, 48, 49, 50 were read on this motion to/for JUDGMENT - DEFAULT.
Plaintiff RREF IV - D DLI GS, LLC brings this action to, inter alia, foreclose on a mortgage encumbering real property known as 305 East 51 Street, Units GAR and RET1, New York, New York (Block 1344, Lots 1201 and 1202) (the Property). The mortgage secures a note dated July 25, 2017 in the principal amount of $20,512,500 given by defendant HFZ East 51st Street Retail Owner LLC (HFZ East or Borrower) to nonparty Malvern Federal Savings Bank, plaintiff's predecessor-in-interest (NY St Cts Elec Filing [NYSCEF] Doc No. 1, complaint ¶ 17). Defendant HFZ Capital Group, LLC (HFZ Capital) is a guarantor of certain of HFZ East's payment obligations on the loan (id., ¶¶ 32-33). Defendants Board of Managers of Halcyon Condominium (Board), East 51st Street Development Company, LLC, 968 Kingsmen, LLC, James Kennelly, New York City Department of Finance, New York State Department of Taxation and Finance, Perciballi Industries Inc. (Perciballi), Gillman Consulting Inc. (Gillman), United States Information Systems, Inc. (United), Triton Construction Company LLC (Triton), and Desimone Consulting Engineering (Desimone) are alleged to have interests subordinate to [*2]plaintiff's first priority mortgage lien, such as an equitable lien, constructive trust, a lien for unpaid common charges, a mechanic's lien, or unpaid taxes, warrants or judgments against HFZ East.
Background
Pursuant to a loan agreement dated July 25, 2017, Malvern agreed to extend a loan to HFZ East "for the purpose of restructuring the equity ownership of the Property"[FN1]
(NYSCEF Doc No. 48, Jonathan Horowitz [Horowitz] aff, exhibits at 8), with the proceeds of the loan used "to acquire the equity interests in the Premises held by unrelated owners pursuant to agreement" (id. at 15). A note executed by HFZ East and delivered to Malvern evidences a loan in the principal amount of $20,512,500 (id. at 45). The note was secured by a mortgage on the Property. The mortgage was duly recorded in the Office of the City Register of the City of New York on August 10, 2017 (id. at 59). As additional security, HFZ East executed an absolute assignment of leases and rents in Malvern's favor. The assignment was duly recorded in the Office of the City Register of the City of New York on August 10, 2017 (id. at 93). HFZ East also granted Malvern a security interest in certain "collateral," as that term is defined in the loan agreement (id. at 16-17).
HFZ Capital executed two guaranties (the Guaranties) in connection with the loan. The first guaranty regarding partial payment of the debt reads, in part:
"Guarantor hereby guarantees the full and prompt payment when due (and not just the collectability), of each and every term and condition of all Obligations as defined in Section 1. This Guaranty is a PRIMARY, DIRECT OBLIGATION of the Guarantor and shall be a continuing Guaranty as set forth in Section 1 above and in the Commitment. Notwithstanding the foregoing, the Obligations secured by this Guaranty shall not exceed the sum equal to the amount which is 30% of the outstanding principal balance at any given time under the Note (the 'Maximum Guaranteed Amount')"
(id. at 143). The second guaranty regarding debt service reads, in part:
"The Guarantor hereby guarantees the due and prompt payment when due (and not just the collectability) of the Borrower's Debt Service under the Note.
"For purposes hereof, 'Debt Service' shall mean the total of all of the Borrower's scheduled monthly payments of principal and interest which are, and which become, due during the term of the Loan, excepting and excluding any 'balloon' payment of principal and maturity"
(id. at 158). Malvern recorded UCC-1 and UCC-3 financing statements related to the loan in Delaware and New York (id. at 117-118; 122; 130-136). The terms of the loan agreement and note were amended and modified by letter three times in 2020 to allow HFZ East to defer certain [*3]monthly payments without incurring additional interest (id. at 171-181). Beginning in November 2020, HFZ East failed to make the monthly payment due that month and every month thereafter (NYSCEF Doc No. 47, Horowitz aff, ¶ 30).
On October 20, 2021, Malvern assigned the loan and accompanying loan documents to nonparty RREF IV D MLVN, LLC (NYSCEF Doc No. 48 at 183-200). RREF IV D MLVN, LLC assigned the loan and loan documents to nonparty RREF IV — D Direct Lending Investments, LLC on March 7, 2022 (id. at 202-233), and RREF IV — D Direct Lending Investments, LLC assigned the loan and loan documents to plaintiff that same day (id. at 4-5; 37-43; 51-57; 89-91; 115; 120; 124-128; 138-140).
On June 6, 2022, plaintiff delivered a Notice of Default and Acceleration to HFZ East and HFZ Capital declaring that "Events of Default" existed under section 6.1 (failure to make any payment on the debt), section 4.32 (mechanic's lien claims prohibited) and section 6.8 (failure to procure a cancellation or discharge of a mechanic's lien) of the loan agreement (id. at 152-153). Specifically, the notice referred to the mechanic's liens filed with the New York County Clerk by United for $17,208.60 on October 16, 2020; Perciballi for $162,415.75 on November 12, 2020; Gillman for $43,640.41 on January 8, 2021; Triton for $20,785.16 on March 4, 2020; and DeSimone for $8,000 on January 21, 2022 (id. at 153). Despite plaintiff declaring that the entire loan amount was immediately due and payment, no payment has been made.
Plaintiff commenced this action on June 17, 2020 by filing a summons and complaint asserting the following six causes of action: (1) mortgage foreclosure; (2) security interest foreclosure; (3) possession of the Property and collateral at a foreclosure sale; (4) appointment of a receiver; (5) breach of the Guaranties; and (6) quiet title under article 15 of the Real Property Actions and Proceedings Law. East 51st Street Development Company, LLC, 968 Kingsmen, LLC, and James Kennelly have answered the complaint (NYSCEF Doc No. 21). The Board, Triton and Perciballi have served separate notices of appearance (NYSCEF Doc Nos. 35, 39 and 51), but have not served answers. An ex parte application for the appointment of a receiver has been granted (NYSCEF Doc No. 36).
Plaintiff now moves for a default judgment against HFZ East, HFZ Capital, the Board, New York City Department of Finance, New York State Department of Taxation and Finance, Perciballi, Gillman, United, Triton, and Desimone. These defendants have not submitted any opposition to the motion.
Discussion
It is well settled that a motion for a default judgment must be supported with "proof of service of the summons and complaint[,] proof of the facts constituting the claim, [and] the default" (CPLR 3215 [f]). "[A] complaint verified by someone or an affidavit executed by a party with personal knowledge of the merits of the claim" satisfies this statutory requirement (Beltre v Babu, 32 AD3d 722, 723 [1st Dept 2006]; Woodson v Mendon Leasing Corp., 100 NY2d 62, 71 [2003] ["the affidavit or verified complaint need only allege enough facts to enable a court to determine that a viable cause of action exists"]). The plaintiff must also offer "some proof of liability to satisfy the court as to the prima facie validity of the uncontested cause of action" (Feffer v Malpeso, 210 AD2d 60, 61 [1st Dept 1994]). "The standard of proof is not stringent, amounting only to some firsthand confirmation of the facts" (id.). A party in default "admits all traversable allegations in the complaint, including the basic allegation of liability, but does not admit the plaintiff's conclusion as to damages" (Rokina Opt. Co. v Camera King, 63 [*4]NY2d 728, 730 [1984]). Plaintiff's motion is supported by an affidavit from its managing director; the loan agreement and related loan documents; various assignments and filings; and numerous affidavits of service.
At the outset, absent from the moving papers is proof of service of the motion upon HFZ East, HFZ Capital, New York City Department of Finance, New York State Department of Taxation and Finance, Gillman, United, and Desimone (see CPLR 2103 [c]). As the court is not satisfied that these defendants were made aware of the present application, the motion against these defendants is denied without prejudice to renewal.
As to the Board, Triton and Perciballi, service of the motion via NYSCEF was proper, as these parties have electronically filed notices of appearance. A defendant who timely serves a notice of appearance in accordance with CPLR 320 (a) is subject to entry of a default judgment unless it timely moves for dismissal under CPLR 3211 or serves an answer to the complaint (see Deutsche Bank Natl. Trust Co. v Hall, 185 AD3d 1006, 1009 [2d Dept 2020]). Plaintiff has established that the Board, Triton and Perciballi have not served answers or moved for dismissal of the complaint against them. As such, these defendants are in default.
As to the merits, a party seeking judgment on an action to foreclose on a mortgage and a security interest in real property must tender the note and mortgage and evidence of the borrower's nonpayment of the debt (US Bank N.A. v 532 W. 187 Realty LLC, 211 AD3d 596, 597 [1st Dept 2022]). Here, plaintiff relies on an affidavit from Horowitz, who avers that he has personal knowledge of the underlying facts and of the documents referenced in his affidavit and that the subject note and mortgage are in plaintiff's possession (NYSCEF Doc No. 47, ¶¶ 1-2 and 27). Horowitz's affidavit is sufficient to satisfy plaintiff's burden on the first and second causes of action (see Norman Realty & Constr. Corp. v 151 E. 170th Lender LLC, — AD3d —, 2023 NY Slip Op 01843, *1 [1st Dept 2023]; Lynx Asset Servs., LLC v Nestor, 210 AD3d 433, 434 [1st Dept 2022]; U.S. Bank N.A. v Beymer, 190 AD3d 445, 446 [1st Dept 2021]).
RPAPL 1311 (3) also provides, in relevant part, that a party seeking to foreclose on a mortgage must join "[e]very person having any lien or incumbrance upon the real property which is claimed to be subject and subordinate to the lien of the plaintiff" as a party defendant. Here, it is alleged that the Board, Triton and Perciballi hold junior or subordinate liens to plaintiff's first priority mortgage lien. Thus, it was proper for plaintiff to join the Board, Triton and Perciballi as defendants to this action.
Plaintiff has also established that the mechanic's liens filed by Perciballi and Triton post-date and are subordinate to the mortgage recorded by Malvern and assigned to and held by plaintiff, as the loan agreement does not appear to qualify as a building loan mortgage, which would require plaintiff's compliance with Lien Law § 22 (see generally Altshuler Shaham Provident Funds, Ltd. v GML Tower, LLC, 21 NY3d 352, 362-363 [2013], rearg denied 21 NY3d 1047 [2013] [discussing Lien Law §§ 2 (13) and 22]). Consequently, plaintiff has demonstrated the merits of the first and second causes of action as against the Board, Triton and Perciballi.
Plaintiff, however, has not demonstrated the merits of its remaining causes of action against the Board, Triton and Perciballi. The third cause of action seeks "possession" of the Property, but it appears that plaintiff has already been granted this relief as the court-appointed receiver has the authority to "take immediate possession of the Property" (NYSCEF Doc No. 36 at 4; NYSCEF Doc No. 48 at 100). The fourth cause of action seeks the appointment of a receiver. The appointment of a receiver is a provisional remedy regulated by statute (see CPLR [*5]6401) and is not a separate cause of action (see Nastasi v Nastasi, 26 AD3d 32, 36 n 2 [2d Dept 2005]). The fifth cause of action seeks to recover damages for HFZ Capital's alleged breach of the Guaranties and is inapplicable to the Board, Triton and Perciballi, who were not parties to the Guaranties. The sixth cause of action seeks to quiet title to the Property, but plaintiff has not established that the six-year statute of limitations applicable to mortgage foreclosure actions has expired such that an action to quiet title under RPAPL 1501 (4) may be maintained (see 4 Stella Mgt., LLC v Citimortgage, Inc., 204 AD3d 868, 869 [2d Dept 2022] [collecting cases]).
Accordingly, it is
ORDERED that the part of the motion of plaintiff RREF IV — D DLI GS, LLC for a default judgment against defendants HFZ East 51st Street Retail Owner LLC, HFZ Capital Group, LLC, New York City Department of Finance, New York State Department of Taxation and Finance, Gillman Consulting Inc., United States Information Systems, Inc., and Desimone Consulting Engineering (motion sequence no. 002) is denied with leave to renew upon the submission of proof of service of the motion upon these defendants; and it is further
ORDERED that the part of the motion of plaintiff RREF IV — D DLI GS, LLC for a default judgment against defendants Board of Managers of Halcyon Condominium, Perciballi Industries Inc., and Triton Construction Company LLC and for an order of reference (motion sequence no. 002) is granted but only as to the issue of said defendants' liability on the first and second causes of action, and the balance of the motion is otherwise denied.
DATE: May 26, 2023
ROBERT R. REED, J.S.C.

Footnotes

Footnote 1: The court reminds the parties of rule 5 (i) of this part, available at 
https://www.nycourts.gov/LegacyPDFS/courts/comdiv/NY/PDFs/Part-43-Rules.pdf, which reads, "[e]ach exhibit must be e-filed under its own document number and include a short label identifying the nature of the exhibit (e.g., Complaint, Contract dated 10/23/22, etc.)." Plaintiff's submissions, which include 46 exhibits filed under only two document numbers on NYSCEF, do not comport with this rule. However, the court exercises its discretion and will excuse plaintiff's noncompliance in this instance.