Davis v Wilmington Sav. Fund Socy., FSB (2023 NY Slip Op 04361)

Davis v Wilmington Sav. Fund Socy., FSB

2023 NY Slip Op 04361

Decided on August 23, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 23, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

FRANCESCA E. CONNOLLY, J.P.
JOSEPH J. MALTESE
PAUL WOOTEN
HELEN VOUTSINAS, JJ.

2020-08863
 (Index No. 527253/19)

[*1]Gregory Davis, appellant, 
v
Wilmington Savings Fund Society, FSB, etc., respondent.

Biolsi Law Group, P.C., New York, NY (Steven Alexander Biolsi of counsel), for appellant.
Hinshaw & Culbertson, LLP, New York, NY (Mitra P. Singh and Brian S. McGrath of counsel), for respondent.

DECISION & ORDER
In an action, inter alia, pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Bruce M. Balter, J.), dated October 22, 2020. The order granted the defendant's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint.
ORDERED that the order is affirmed, with costs.
In March 2015, Wilmington Savings Fund Society, FSB (hereinafter Wilmington), commenced an action to foreclose a mortgage executed by Gregory Davis encumbering certain real property located in Brooklyn (hereinafter the foreclosure action). In a decision dated September 19, 2019, the Supreme Court concluded that the foreclosure action should be dismissed. Wilmington filed a notice of appeal from that decision. Davis then moved before this Court to dismiss the appeal on the ground that no appeal lies from a decision, and this Court granted the motion.
In December 2019, Davis commenced the instant action against Wilmington, inter alia, pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage. In May 2020, Wilmington moved pursuant to CPLR 3211(a)(7) to dismiss the complaint. In an order dated October 22, 2020, the Supreme Court granted Wilmington's motion. Davis appeals.
Pursuant to RPAPL 1501(4), "[w]here the period allowed by the applicable statute of limitation for the commencement of an action to foreclose a mortgage . . . has expired, any person having an estate or interest in the real property subject to such encumbrance may maintain an action against any other person or persons . . . to secure the cancellation and discharge of record of such encumbrance." However, "[b]ecause the expiration of the statute of limitations is an essential element of an action pursuant to RPAPL 1501(4), the existence of a pending foreclosure action precludes a RPAPL 1501(a) action" (4 Stella Mgt., LLC v Citimortgage, Inc., 204 AD3d 868, 869). Further, an action is not considered terminated until appeals as of right have been exhausted (see Malay v City of Syracuse, 25 NY3d 323, 328; Lehman Bros. v Hughes Hubbard & Reed, 92 NY2d 1014, 1016-1017; Deutsche Bank Natl. Trust Co. v Gouin, 194 AD3d 479, 480).
Here, the record reflects that no order or judgment directing dismissal of the foreclosure action was issued, but rather only a decision, from which no appeal lies (see Schicchi v J.A. Green Constr. Corp., 100 AD2d 509, 509-510). Since the time to appeal from an order or judgment, which is appealable as of right, never started to run, appeals as of right in the foreclosure action were not exhausted, and thus, the foreclosure action was not terminated (see Malay v City of Syracuse, 25 NY3d at 328; Lehman Bros. v Hughes Hubbard & Reed, 92 NY2d at 1016-1017). Therefore, the foreclosure action remains pending and undecided, which precludes the instant action, inter alia, pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage (see Mizrahi v US Bank, N.A., 156 AD3d 617, 618).
The parties' remaining contentions are without merit.
Accordingly, the Supreme Court properly granted Wilmington's motion pursuant to CPLR 3211(a)(7) to dismiss the complaint.
CONNOLLY, J.P., MALTESE, WOOTEN and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court