630 6A LLC v U.A. Bank Trust N.A. (2025 NY Slip Op 00285)

630 6A LLC v U.A. Bank Trust N.A.

2025 NY Slip Op 00285

Decided on January 21, 2025

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 21, 2025

Before: Kern, J.P., Kennedy, González, Mendez, Rodriguez, JJ. 

Index No. 160960/23 Appeal No. 3527 Case No. 2024-05272 

[*1]630 6A LLC, Plaintiff-Respondent,
v
U.A. Bank Trust National Association etc., Defendant-Appellant.

Friedman Vartolo LLP, Garden City (Stephen J. Vargas of counsel), for appellant.
New York Litigation Group, PLLC, Rochester (Austin T. Shufelt of counsel), for respondent.

Amended order, Supreme Court, New York County (Suzanne Adams, J.), entered on or about July 25, 2024, which granted plaintiff 630 6A LLC's (6A LLC) cross-motion for summary judgment pursuant to CPLR 3211(c) to secure the cancellation and discharge of a mortgage held by defendant U.S. Bank Trust National Association as Trustee of the Cabana Series IV Trust, and denied Cabana's motion to dismiss the quiet title action for failure to state a cause of action, unanimously affirmed, without costs.
6A LLC commenced this quiet title action under RPAPL 1501(1) and 1501(4). The first section, section 1501(1), allows claimants to "compel the determination of any claim adverse to that of the plaintiff which the defendant . . . might make[ ]." The second section, 1501(4), allows claimants to maintain an action where "the applicable statute of limitation for the commencement of an action to foreclose a mortgage, or to enforce a vendor's lien, has expired." Since an action is not considered terminated until appeals as of right have been exhausted (Davis v Wilmington Sav. Fund Socy., FSB, 219 AD3d 798, 799 [2d Dept 2023]), the 2013 foreclosure action could not be considered terminated for purposes of RPAPL 1501(4) until January 14, 2021, when this Court dismissed the action on procedural grounds (MTGLQ Invs., L.P. v Shay, 190 AD3d 527, 528 [1st Dept 2021], lv denied 37 NY3d 908 [2021]). Thus, the 2021 foreclosure action, commenced on July 2, 2021, which was eight years after the limitations period had begun to run, was untimely and could not be saved by the six-months savings provision of CPLR 205-a.
CPLR 205-a provides that it is applicable when a timely-commenced action has been dismissed on grounds other than "a voluntary discontinuance, a failure to obtain personal jurisdiction over the defendant, a dismissal of the complaint for any form of neglect, including, but not limited to those specified in subdivision three of section thirty-one hundred twenty-six, section thirty-two hundred fifteen, rule thirty-four hundred sixteen and rule thirty four hundred four of this chapter" (CPLR 205-a[a]). These statutory exemptions, which have been applied retroactively (see Bank of New York Mellon v Del Rio,  AD3d , 2024 NY Slip Op 06293 [1st Dept 2024]), leave the 2021 foreclosure action outside the boundaries of CPLR 205-a, as the 2013 foreclosure action was dismissed pursuant to CPLR 3215(c) and based on the absence of personal jurisdiction (see Wells Fargo Bank, N.A. v Cafasso, 223 AD3d 695, 697 [2d Dept 2024]).
It was not procedurally impermissible for Supreme Court to correct its initial order sua sponte to correct a clerical error (see People v Minaya, 54 NY2d 360, 364 [1981], cert denied 455 US 1024 [1982]). Nor was it impermissible to consider the quiet title action while the 2021 foreclosure action remained pending, as the action was dismissed as time-barred and 6A LLC was not permitted to intervene (compare Everhome Mtge. Co. v Aber, 39 NY3d 949, 950 [*2][2022]; U.S. Bank, N.A. v Fox, 216 AD3d 445, 446 [1st Dept 2023], lv denied 42 NY3d 903 [2024]).THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 21, 2025