Smith v Bank of N.Y. Mellon (2025 NY Slip Op 02364)

Smith v Bank of N.Y. Mellon

2025 NY Slip Op 02364

Decided on April 23, 2025

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 23, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LARA J. GENOVESI, J.P.
VALERIE BRATHWAITE NELSON
LOURDES M. VENTURA
JAMES P. MCCORMACK, JJ.

2021-09079
 (Index No. 58501/21)

[*1]Greta Smith, appellant, 
v
Bank of New York Mellon, etc., respondent.

Clair Gjersten & Weathers PLLC, White Plains, NY (Mary Aufrecht of counsel), for appellant.
Houser LLP, New York, NY (Kathleen M. Massimo and Evan N. Soyer of counsel), for respondent.

DECISION & ORDER
In an action pursuant to RPAPL article 15 to cancel and discharge of record a mortgage, the plaintiff appeals from an order of the Supreme Court, Westchester County (Joan B. Lefkowitz, J.), dated November 15, 2021. The order granted the defendant's motion pursuant to CPLR 3211(a) to dismiss the complaint and to cancel a notice of pendency filed against the subject property.
ORDERED that the order is affirmed, with costs.
In February 2011, the Bank of New York Mellon (hereinafter the Bank) commenced an action to foreclose a mortgage against Greta Smith, among others (hereinafter the 2011 foreclosure action). By order entered May 30, 2014, the 2011 foreclosure action was dismissed pursuant to CPLR 3215(c) (hereinafter the dismissal order).
On June 1, 2021, Smith's attorney served the dismissal order with notice of entry upon the Bank. By notice dated June 3, 2021, the Bank appealed from the dismissal order. Thereafter, Smith commenced this action pursuant to RPAPL article 15 to cancel and discharge of record the mortgage. The Bank moved pursuant to CPLR 3211(a)(1) and (7) to dismiss the complaint and to cancel the notice of pendency filed against the subject property. In an order dated November 15, 2021, the Supreme Court granted the motion. Smith appeals.
On a motion to dismiss a complaint pursuant to CPLR 3211(a)(7), the pleading is afforded a liberal construction (see id. § 3026) and the court must give the plaintiff the benefit of every possible favorable inference, accept the facts alleged in the complaint as true, and determine only whether the facts as alleged fit within any cognizable legal theory (see Leon v Martinez, 84 NY2d 83, 87-88). "[W]hen evidentiary material is considered, the criterion is whether the [plaintiff] has a cause of action, not whether [the plaintiff] has stated one, and unless it has been shown that a material fact as claimed by the [plaintiff] to be one is not a fact at all and unless it can be said that no significant dispute exists regarding it, dismissal should not eventuate" (Guggenheimer v Ginzburg, 43 NY2d 268, 275; see Leon v Martinez, 84 NY2d at 88).
A motion pursuant to CPLR 3211(a)(1) to dismiss the complaint on the ground that the action is barred by documentary evidence may be granted "only where the documentary evidence [*2]utterly refutes the plaintiff's factual allegations, conclusively establishing a defense as a matter of law" (Goshen Mutual Life Ins. Co. of N.Y., 98 NY2d 314, 326).
Pursuant to RPAPL 1501(4), "[w]here the period allowed by the applicable statute of limitation for the commencement of an action to foreclose a mortgage . . . has expired, any person having an estate or interest in the real property subject to such encumbrance may maintain an action . . . to secure the cancellation and discharge of record of such encumbrance." Because the expiration of the statute of limitations is an essential element of an action pursuant to RPAPL 1501(4), the existence of a pending foreclosure action precludes a RPAPL 1501(4) action (see Davis v Wilmington Sav. Fund Socy., FSB, 219 AD3d 798, 799; 4 Stella Mgt., LLC v Citimortgage, Inc., 204 AD3d 868, 869). "[A]n action is not considered terminated until appeals as of right have been exhausted" (Davis v Wilmington Sav. Fund Socy., FSB, 219 AD3d at 799; see Malay v City of Syracuse, 25 NY3d 323, 328; Lehman Bros. v Hughes Hubbard & Reed, 92 NY2d 1014, 1016-1017).
Here, the Bank submitted evidentiary material establishing that it had timely filed a notice of appeal from the dismissal order (see Hart v New York City Hous. Auth., 161 AD3d 724, 724-725), and therefore, the 2011 foreclosure action was still pending and unresolved, which precluded this RPAPL 1501(4) action to cancel and discharge of record the mortgage (see Davis v Wilmington Sav. Fund Socy., FSB, 219 AD3d at 799; Mizrahi v US Bank, N.A., 156 AD3d 617, 618). Accordingly, the Supreme Court properly granted that branch of the Bank's motion which was pursuant to CPLR 3211(a) to dismiss the complaint.
Since the Bank was entitled to dismissal of the complaint, the Supreme Court also properly granted that branch of the Bank's motion which was to cancel the notice of pendency filed against the subject property (see id. § 6514[a]; Bayview Loan Servicing, LLC v Starr-Klein, 193 AD3d 807, 808; Citibank, N.A. v Herman, 125 AD3d 587, 589).
GENOVESI, J.P., BRATHWAITE NELSON, VENTURA and MCCORMACK, JJ., concur.
ENTER:
Darrell M. Joseph
Clerk of the Court