Wells Fargo Bank, N.A. v Torres (2020 NY Slip Op 05552)





Wells Fargo Bank, N.A. v Torres


2020 NY Slip Op 05552


Decided on October 7, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on October 7, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

WILLIAM F. MASTRO, J.P.
ROBERT J. MILLER
COLLEEN D. DUFFY
VALERIE BRATHWAITE NELSON, JJ.


2019-01842
 (Index No. 512211/18)

[*1]Wells Fargo Bank, N.A., appellant,
v
Bryant Torres, etc., respondent, et al., defendants.


Gross Polowy, LLC (Reed Smith LLP, New York, NY [Natsayi Mawere and Andrew B. Messite], of counsel), for appellant.
Christopher T. Owen, New York, NY, for respondent.



DECISION & ORDER
In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Kings County (Noach Dear, J.), dated November 19, 2018. The order, insofar as appealed from, granted that branch of the motion of the defendant Bryant Torres which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred
ORDERED that the order is affirmed insofar as appealed from, with costs.
We agree with the Supreme Court's determination granting that branch of the motion of the defendant Bryant Torres (hereinafter the defendant) which was pursuant to CPLR 3211(a)(5) to dismiss the complaint insofar as asserted against him as time-barred. An action to foreclose a mortgage is subject to a six-year statute of limitations (CPLR 213[4]). Here, the defendant established that the plaintiff's predecessor-in-interest accelerated the mortgage loan by commencing an action to foreclose the mortgage on or about May 28, 2009, and the instant action was commenced more than nine years later, in June 2018. Contrary to the plaintiff's contention, the acceleration of the debt was not nullified by the fact that one of the defendants in the 2009 action was deceased at the time that action was commenced (see Wells Fargo Bank, N.A. v Baymack, 176 AD3d 905, 906; see also Beneficial Homeowner Serv. Corp. v Tovar, 150 AD3d 657, 658).
MASTRO, J.P., MILLER, DUFFY and BRATHWAITE NELSON, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court