OneWest Bank, FSB v Swits (2022 NY Slip Op 06709)

OneWest Bank, FSB v Swits

2022 NY Slip Op 06709

Decided on November 23, 2022

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on November 23, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
ROBERT J. MILLER
LARA J. GENOVESI
BARRY E. WARHIT, JJ.

2019-11103
 (Index No. 61181/14)

[*1]OneWest Bank, FSB, respondent, 
v
Wendy Swits, etc., appellant, et al., defendants. Paula A. Miller, P.C., Smithtown, NY, for appellant.

Bronster, LLP (Bryan Cave Leighton Paisner LLP, New York, NY [Elizabeth Goldberg and Nafiz Cekirge], of counsel]), for respondent.

DECISION & ORDER
In an action to foreclose a mortgage, the defendant Wendy Swits appeals from an order of the Supreme Court, Suffolk County (Robert F. Quinlan, J.), dated July 31, 2019. The order, insofar as appealed from, granted that branch of the plaintiff's motion which was for summary judgment dismissing that defendant's first affirmative defense.
ORDERED that the order is affirmed insofar as appealed from, with costs.
On September 21, 2009, Gail D. Roggenkamp (hereinafter the borrower) executed, as trustee of the Gail D. Roggenkamp Revocable Trust, a home equity conversion closed-end fixed-rate note (hereinafter the note), a closed-end fixed-rate home equity conversion mortgage (hereinafter the mortgage), and a home equity conversion fixed-rate loan agreement (hereinafter the loan agreement) in favor of Financial Freedom Acquisition, LLC (hereinafter FFA), a subsidiary of the plaintiff. The mortgage recited that the debt was up to a maximum principal amount of $690,000 and was secured by property located in Melville. Pursuant to the loan agreement, FFA "may require immediate payment in full of all outstanding principal and accrued interest, if: (I) A Borrower dies and the Property is not the principal residence of at least one surviving Borrower." The borrower died on August 30, 2013.
The defendant Wendy Swits (hereinafter the defendant) is the borrower's daughter, the successor trustee of the Gail D. Roggenkamp Revocable Trust, and the administrator of the borrower's estate. By letter dated September 12, 2013, the defendant informed FFA of the borrower's death and requested the payoff amount for the debt, a copy of the original documents signed by the borrower, and a list of all disbursements made to the borrower. By letter dated September 19, 2013, FFA informed the defendant that the debt became due and payable upon the borrower's death, provided the current balance of the note, and provided several options for paying off the debt. The defendant allegedly never received the documents that she requested.
In 2014, the plaintiff commenced this action to foreclose the mortgage. The defendant interposed an answer in which she asserted, as her first affirmative defense, that the plaintiff failed to provide evidence of the disbursement of the proceeds of the loan, although duly requested. The plaintiff moved, inter alia, for summary judgment dismissing the defendant's first [*2]affirmative defense. In an order dated July 31, 2019, the Supreme Court, among other things, granted that branch of the plaintiff's motion. The defendant appeals.
The Home Equity Conversion Mortgage (hereinafter HECM) program was originally authorized by the Housing and Community Development Act of 1987 (42 USC § 5301 et seq., as added by Pub L 100-242, 101 Stat 1815) for the purpose of meeting "the special needs of elderly homeowners by reducing the effect of the economic hardship caused by the increasing costs of meeting health, housing, and subsistence needs at a time of reduced income" (12 USC § 1715z-20[a][1]). An HECM is first a mortgage and is considered the reverse of a traditional mortgage because the borrower is not required to make monthly or other periodic payments to repay the loan (see 12 USC § 1715z-20[b][3]). Instead, the loan balance increases over time and does not become due and payable until one of a number of specified events occurs, such as the death of the borrower (see 12 USC § 1715z-20[j]).
The defendant's argument that the plaintiff failed to satisfy an implied condition precedent to the commencement of this action in that it failed to provide the borrower's estate with a payoff letter and other mortgage-related documents upon request is without merit. With respect to the acquisition and sale by a mortgagee of the properties mortgaged in accordance with the HECM program, the United States Department of Housing and Urban Development (hereinafter HUD) regulations in effect at the time that this action was commenced provided that the mortgagee shall notify the mortgagor when the mortgage loan is due and payable, unless the mortgage loan is due and payable by reason of the mortgagor's death (see 24 CFR 206.125[a][2] [eff until Sept. 18, 2017]). Accordingly, the regulation in effect at the time of the commencement of this action expressly excluded the notice requirement when the mortgage loan became due and payable on account of the death of the mortgagor (see id.). The HUD regulations could have required that documents substantiating the debt be provided to the mortgagor's estate upon the mortgagor's death, but those regulations did not. "'The maxim expressio unius est exclusio alterius is applied in the construction of the statutes, so that where a law expressly describes a particular act, thing or person to which it shall apply, an irrefutable inference must be drawn that what is omitted or not included was intended to be omitted or excluded'" (Matter of Benjamin v New York City Empls. Retirement Sys., 170 AD3d 714, 716, quoting McKinney's Cons Laws of NY, Book 1, Statutes § 240; cf. Andryeyeva v New York Health Care, Inc., 33 NY3d 152, 176-177). In light of the absence of an express notice requirement under the circumstances presented here, there could be no implied condition precedent for the plaintiff to provide, in addition to notice, a payoff letter and additional mortgage-related documents to the borrower's estate, as requested by the defendant.
The defendant's remaining contention is not properly before this Court (see generally Matter of Ray v County of Suffolk, 204 AD3d 807; Yolam Constr. v Phillips, 208 AD2d 1166).
BRATHWAITE NELSON, J.P., MILLER, GENOVESI and WARHIT, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court