Espinal v Port Auth. of N.Y. & N.J. (2023 NY Slip Op 00844)

Espinal v Port Auth. of N.Y. & N.J.

2023 NY Slip Op 00844

Decided on February 15, 2023

Appellate Division, Second Department

Maltese, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on February 15, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

MARK C. DILLON, J.P.
VALERIE BRATHWAITE NELSON
ROBERT J. MILLER
JOSEPH J. MALTESE, JJ.

2021-04160
 (Index No. 720857/20)

[*1]Leonardo Canela Espinal, appellant, 
v
Port Authority of New York and New Jersey, respondent, et al., defendants.

APPEAL by the plaintiff, in an action to recover damages for personal injuries, from an order of the Supreme Court (Robert I. Caloras, J.), entered May 12, 2021, in Queens County. The order granted the motion of the defendant Port Authority of New York and New Jersey pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it.

Silberstein, Awad & Miklos, P.C., Garden City, NY (Eric S. Vogel of counsel), for appellant.
Port Authority Law Department, New York, NY (Matthew Malysa of counsel), for respondent.

MALTESE, J.

OPINION & ORDER
This appeal involves the intersection of McKinney's Unconsolidated Laws of NY § 7107, which sets forth conditions precedent for commencing an action against the Port Authority of New York and New Jersey (hereinafter the Port Authority), and the executive orders issued by former Governor Andrew Cuomo which tolled time limitations due to the COVID-19 pandemic. McKinney's Unconsolidated Laws of NY § 7107 requires that an action against the Port Authority must be commenced within one year after the cause of action accrues and that a notice of claim must be served upon the Port Authority at least 60 days before the commencement of the action. We hold that where, as here, the deadline to commence an action pursuant to section 7107 was tolled, service of the notice of claim at least 60 days prior to the timely commencement of the action satisfies section 7107.
On May 7, 2019, the plaintiff allegedly sustained injuries when he slipped and fell in a parking lot at LaGuardia Airport, which is located in the county and borough of Queens and is owned and controlled by the Port Authority. On November 4, 2020, the plaintiff commenced this action against the Port Authority, among others. On August 14, 2020, 82 days prior to commencing this action, the plaintiff served a notice of claim upon the Port Authority.
On December 29, 2020, the Port Authority moved pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it on the ground that the plaintiff failed to timely comply with the notice of claim requirement set forth in McKinney's Unconsolidated Laws of NY § 7107, which requires that an action against the Port Authority be commenced within one year after the cause of action accrues and that a notice of claim be served upon the Port Authority at least 60 days prior to the commencement of the action. The Supreme Court granted the Port Authority's motion. The plaintiff appeals, and we reverse.
"The Port Authority is a public entity jointly created by a 1921 compact between New [*2]York and New Jersey" (Matter of World Trade Ctr. Bombing Litig., 17 NY3d 428, 432; see McKinney's Uncons Laws of NY § 6401 et seq.). The compact provides, in relevant part, that "the said two states consent to liability on the part of the [P]ort [A]uthority in such suits, actions, or proceedings for tortious acts committed by it and its agents to the same extent as though it were a private corporation" (McKinney's Uncons Laws of NY § 7106). This consent is subject to conditions, including that:
"any suit, action or proceeding prosecuted or maintained under this act shall be commenced within one year after the cause of action therefor shall have accrued, and upon the further condition that in the case of any suit, action or proceeding for the recovery or payment of money, prosecuted or maintained under this act, a notice of claim shall have been served upon the [P]ort [A]uthority by or on behalf of the plaintiff or plaintiffs at least sixty days before such suit, action or proceeding is commenced" (id. § 7107 [footnote omitted]).
Executive Law § 29-a(1) provides that the Governor "may by executive order temporarily suspend specific provisions of any statute, local law, ordinance, or orders, rules or regulations, or parts thereof, of any agency during a state disaster emergency, if compliance with such provisions would prevent, hinder, or delay action necessary to cope with the disaster." Executive Law § 29-a(2)(d) provides that any such order "may provide for the alteration or modification of the requirements of such statute, local law, ordinance, order, rule or regulation suspended, and may include other terms and conditions."
On March 20, 2020, former Governor Cuomo issued Executive Order (A. Cuomo) No. 202.8 (9 NYCRR 8.202.8), which provided:
"I hereby temporarily suspend or modify, for the period from the date of this Executive Order through April 19, 2020 the following:
"In accordance with the directive of the Chief Judge of the State to limit court operations to essential matters during the pendency of the COVID-19 health crisis, any specific time limit for the commencement, filing, or service of any legal action, [*3]notice, motion, or other process or proceeding, as prescribed by the procedural laws of the state, including but not limited to the criminal procedure law, the family court act, the civil practice law and rules, the court of claims act, the surrogate's court procedure act, and the uniform court acts, or by any other statute, local law, ordinance, order, [*4]rule, or regulation, or part thereof, is hereby tolled from the date of this executive order until April 19, 2020."
Former Governor Cuomo later issued a series of nine subsequent executive orders that extended the tolling period, eventually through November 3, 2020 [FN1]. Finally, Executive Order (A. Cuomo) No. 202.72 (9 NYCRR 8.202.72), issued on November 3, 2020, reiterated that the "toll[ ]" would no longer be in effect as of November 4, 2020 (see Executive Order [A. Cuomo] No. 202.72 [9 NYCRR 8.202.72]). Thus, these executive orders tolled time limitations from March 20, 2020, through and including November 3, 2020 (see Brash v Richards, 195 AD3d 582).
Apparently, across the Hudson River, the Governor of New Jersey did not enact a similar executive order suspending or tolling court procedural rules such as statutes of limitations or time limitations to serve notices of claim. However, the Supreme Court of New Jersey issued omnibus orders declaring legal holidays from March 16, 2020, through May 10, 2020 (see Barron v Gersten, 472 NJ Super 572, 579-580, 277 A3d 502, 506-507). In Barron, the Superior Court of New Jersey, Appellate Division, held that these omnibus orders did not toll time limitations, but instead created "legal holidays," which allowed the filing of pleadings such as a complaint or notice of claim on the next business day after the expiration of the omnibus orders that was not a Saturday, Sunday, or legal holiday (see 472 NJ Super at 578, 277 A3d at 505).
In any event, here in New York, the cause of action accrued on May 7, 2019, and therefore, ordinarily, the plaintiff would have been required to commence this action within one year, by May 7, 2020, and to serve the notice of claim upon the Port Authority at least 60 days prior to the commencement of the action (see McKinney's Uncons Laws of NY § 7107). The plaintiff contends, however, that the executive orders issued by former Governor Cuomo tolled the deadline for the commencement of this action. He further contends that the deadline for filing the notice of claim is tethered to the date that the action was commenced, rather than the date that the cause of action accrued, and therefore his service of the notice of claim at least 60 days prior to the commencement of the action satisfied the requirement set forth in section 7107.
In contrast, the Port Authority argues that, although the executive orders extended the deadline to commence the action, they did not extend the plaintiff's time to serve the notice of claim because that deadline had already expired when former Governor Cuomo issued the initial executive order on March 20, 2020, and that the tolling of the deadline to commence this action had no effect on the deadline to serve the notice of claim. The Port Authority contends, in effect, that under section 7107, a notice of claim must be served no more than 305 days (one year minus 60 days) after a cause of action accrues.
We hold that the plaintiff's interpretation of section 7107 is correct. As the Port Authority concedes, while the executive orders were in effect, from March 20, 2020, until November 3, 2020, the one-year deadline for commencing an action pursuant to section 7107 was tolled or frozen, and therefore should be subtracted from the one-year period, which ordinarily would have ended on May 7, 2020. Consequently, the commencement of this action on November 4, 2020, satisfied section 7107 (see Brash v Richards, 195 AD3d at 585).
Furthermore, the plain language of section 7107 makes the deadline to serve a notice of claim dependent upon the date of commencement, unlike other statutes where the time to serve the notice of claim is measured from the date that the cause of action accrues (see e.g. General Municipal Law 50-e[1][a] [requiring that a notice of claim be served upon a municipality "within ninety days after the [tort] claim arises" (emphasis added)]; Court of Claims Act § 10[3], [3-a], [3-b] [within 90 days after the accrual of a tort claim, the claimant must either file and serve the claim or serve a written notice of intention to file a claim upon the New York State attorney general]). Therefore, the plaintiff's service of the notice of claim on August 14, 2020, more than 60 days prior to the commencement of the action on November 4, 2020, satisfied the condition precedent set forth in section 7107.
Accordingly, the Port Authority's motion to dismiss the complaint should have been denied (cf. Ofulue v Port Auth. of N.Y. & N.J., 307 AD2d 258, 259; Lumbermens Mut. Cas. Co. v Port Auth. of N.Y. & N.J., 137 AD2d 795, 796). Therefore, the order is reversed, on the law, and the motion of the defendant Port Authority of New York and New Jersey pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it is denied.
DILLON, J.P., BRATHWAITE NELSON and MILLER, JJ., concur.
ORDERED that the order is reversed, on the law, with costs, and the motion of the defendant Port Authority of New York and New Jersey pursuant to CPLR 3211(a) to dismiss the complaint insofar as asserted against it is denied.
ENTER:
Maria T. Fasulo
Clerk of the Court

Footnotes

Footnote 1: See Executive Order (A. Cuomo) Nos. 202.14, 202.28, 202.38, 202.48, 202.55, 202.55.1, 202.60, 202.67, 202.72 (9 NYCRR 8.202.14, 8.202.28, 8.202.38, 8.202.48, 8.202.55, 8.202.55.1, 8.202.60, 8.202.67, 8.202.72).