Wilson 3 Corp. v Deutsche Bank Natl. Trust Co. (2023 NY Slip Op 04396)

Wilson 3 Corp. v Deutsche Bank Natl. Trust Co.

2023 NY Slip Op 04396

Decided on August 23, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on August 23, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
PAUL WOOTEN
LILLIAN WAN, JJ.

2020-00849
 (Index No. 503180/16)

[*1]Wilson 3 Corp., et al., respondents,
v
Deutsche Bank National Trust Company, etc., appellant (and a third-party action).

McCalla Raymer Leibert Pierce, LLC, New York, NY (Margaret S. Stefandl of counsel), for appellant.
Charles R. Cuneo, P.C., Huntington, NY, for respondents.

DECISION & ORDER
In an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, the defendant appeals from an order and judgment (one paper) of the Supreme Court, Kings County (Loren Baily-Schiffman, J.), dated December 9, 2019. The order and judgment, upon an order of the same court dated September 24, 2019, among other things, granting the plaintiffs' motion for summary judgment on the complaint and denying the defendant's cross-motion, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action, granted the same relief to the plaintiffs and canceled and discharged of record the subject mortgage.
ORDERED that the order and judgment dated December 9, 2019, is affirmed, with costs.
In November 2006, nonparty H. David Faden executed a note in the sum of $900,000, which was secured by a mortgage on certain real property located in Brooklyn (hereinafter the property). On June 18, 2008, the defendant, Deutsche Bank National Trust Company (hereinafter Deutsche Bank), commenced an action to foreclose the mortgage (hereinafter the foreclosure action) against, among others, Faden, who had died prior to the time of the commencement of the action. In the complaint, Deutsche Bank elected to call due "the entire amount secured by the mortgage." In a conditional order of dismissal dated August 5, 2014, the Supreme Court dismissed the foreclosure action pursuant to CPLR 3216 for Deutsche Bank's failure to prosecute the action. Thereafter, Deutsche Bank moved, inter alia, to vacate the conditional order of dismissal. In an order dated November 30, 2017, the court denied Deutsche Bank's motion. On appeal from that order, this Court, among other things, vacated the order dated November 30, 2017, determining that "[s]ince . . . [Faden] died prior to the commencement of the action, the [foreclosure] action was a legal nullity from its inception" (Deutsche Bank Natl. Trust Co. v Faden, 172 AD3d 817, 818).
On March 4, 2016, the plaintiffs, as owners of the property, commenced the instant action against Deutsche Bank pursuant to RPAPL 1501(4) to cancel and discharge of record the mortgage, alleging, inter alia, that the statute of limitations to commence an action to foreclose the mortgage had expired. Thereafter, the plaintiffs moved for summary judgment on the complaint. Deutsche Bank cross-moved, among other things, pursuant to CPLR 3211(a)(7) to dismiss the [*2]complaint for failure to state a cause of action. In an order dated September 24, 2019, the Supreme Court, inter alia, granted the plaintiffs' motion and denied Deutsche Bank's cross-motion. In an order and judgment dated December 9, 2019, the court granted the same relief to the plaintiffs and canceled and discharged of record the mortgage. Deutsche Bank appeals.
Contrary to Deutsche Bank's contention, the fact that Faden died prior to commencement of the foreclosure action, rendering that action "'a legal nullity from its inception'" (Deutsche Bank Natl. Trust Co. v Rivera, 200 AD3d 1006, 1008, quoting Wells Fargo Bank, N.A. v Baymack, 176 AD3d 905, 906), "did not revoke or invalidate, or otherwise destroy, [Deutsche Bank's] express invocation of the contractual election to accelerate the debt" (Deutsche Bank Natl. Trust Co. v Rivera, 200 AD3d at 1008; see Freedom Mtge. Corp. v Engel, 37 NY3d 1; Wilmington Sav. Fund Socy., FSB v Rashed, 195 AD3d 774; Wells Fargo Bank, N.A. v Torres, 187 AD3d 825). Thus, the plaintiffs established, prima facie, that as of the commencement of the instant action, any new foreclosure action by Deutsche Bank would be time-barred by the applicable six-year statute of limitations (see Bank of Am., N.A. v Scher, 205 AD3d 985, 988). In opposition to the plaintiffs' prima facie showing, Deutsche Bank failed to raise a triable issue of fact. Accordingly, the Supreme Court properly granted the plaintiffs' motion for summary judgment on the complaint and denied Deutsche Bank's cross-motion, inter alia, pursuant to CPLR 3211(a)(7) to dismiss the complaint for failure to state a cause of action.
The parties' remaining contentions either need not be reached in light of our determination or are without merit.
DUFFY, J.P., MILLER, WOOTEN and WAN, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court