Trento 67, LLC v OneWest Bank, N.A. (2024 NY Slip Op 03198)

Trento 67, LLC v OneWest Bank, N.A.

2024 NY Slip Op 03198

Decided on June 12, 2024

Appellate Division, Second Department

Miller, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 12, 2024
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
WILLIAM G. FORD
LAURENCE L. LOVE, JJ.

2022-04453
 (Index No. 514001/21)

[*1]Trento 67, LLC, appellant, 
v
OneWest Bank, N.A., etc., et al., respondents.

APPEAL by the plaintiff, in an action pursuant to RPAPL 1501(4) to cancel and discharge of record a mortgage, from an order of the Supreme Court (Carolyn E. Wade, J.), dated April 29, 2022, and entered in Kings County. The order granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint and denied, as academic, the plaintiff's cross-motion, inter alia, to consolidate this action with an action entitled Bank of New York Mellon Trust Company, N.A. v Munn, pending in the same court under Index No. 519175/21.

Charles R. Cuneo, P.C., Huntington, NY, for appellant.
Windels Marx Lane & Mittendorf, LLP, New York, NY (Robert J. Malatak and Elizabeth G. Uphaus of counsel), for respondents.

MILLER, J.

OPINION & ORDER
Courts and the legal community are now likely familiar with the 2020 executive orders that tolled time limitations due to the COVID-19 pandemic (see e.g. Espinal v Port Auth. of N.Y. & N.J., 213 AD3d 101, 102). On this appeal, we are asked to consider another governmental pause on business as usual that was spurred by the COVID-19 pandemic. On March 18, 2020, the United States Department of Housing and Urban Development (hereinafter HUD) instituted a COVID-19-related moratorium that effectively stayed foreclosures with respect to mortgages insured by the Federal Housing Administration (hereinafter FHA). This moratorium (hereinafter the FHA COVID-19 moratorium) remained in effect until July 31, 2021. This appeal presents an issue of apparent first impression for an appellate court in this State, namely, whether the statute of limitations for commencing a foreclosure action may be tolled by virtue of the FHA COVID-19 moratorium. We hold that the FHA COVID-19 moratorium, which constituted a stay of foreclosures of federally backed mortgages, may indeed toll the statute of limitations for commencing a foreclosure action, and, on the facts of this case, the FHA COVID-19 moratorium did toll the applicable limitations period. Given the benefit of the toll, one of the defendants timely commenced a separate but related action to foreclose a home equity conversion mortgage, also known as a reverse mortgage, and the Supreme Court properly granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint, seeking to quiet title, brought by the alleged owner of the property encumbered by the reverse mortgage.
I. Factual and Procedural Background
On February 9, 2007, nonparty Thelma Miller (hereinafter the borrower) executed an adjustable rate note, with a maximum principal amount of $544,185, in favor of nonparty First Lincoln Mortgage Corporation. The note was secured by a reverse mortgage encumbering certain residential property in the East New York neighborhood of Brooklyn. Pursuant to paragraph 9 of the reverse mortgage, entitled "Grounds for Acceleration of Debt," the "Lender may require [*2]immediate payment in full of all sums secured by this Security Instrument if," among other contingencies, "[a] Borrower dies and the Property is not the principal residence of at least one surviving Borrower."[FN1] Pursuant to paragraph 13 of the reverse mortgage, which bears an FHA case number, the borrower executed a second mortgage on the property in favor of the Secretary of HUD.
The borrower died on February 28, 2013.
On or before April 4, 2014, the note and mortgage were assigned to the defendant OneWest Bank, N.A. (hereinafter OneWest).
A. Prior Foreclosure Action
On April 4, 2014, OneWest commenced an action to foreclose the mortgage and elected in its complaint to accelerate the mortgage debt. By order dated April 10, 2019, the Supreme Court dismissed that action on the ground that one of the defendants, the borrower, was "deceased at the time of commencement." We note that the death of a defendant prior to commencement of a foreclosure action, although rendering such action a legal nullity from its inception, does not "revoke or invalidate, or otherwise destroy, [the lender's] express invocation of the contractual election to accelerate the debt" (Wilson 3 Corp. v Deutsche Bank Natl. Trust Co., 219 AD3d 870, 871 [internal quotation marks omitted]; see Wells Fargo Bank, N.A. v Torres, 187 AD3d 825). Thus, as aptly acknowledged by the parties, the statute of limitations began to run on April 4, 2014, when the mortgage debt was accelerated (see HSBC Bank USA, N.A. v Francis, 214 AD3d 58, 61).[FN2]
B. The FHA COVID-19 Moratorium
On March 18, 2020, "as part of a broader federal government effort" to address hardships caused by the COVID-19 pandemic, HUD instituted a 60-day moratorium on the "initiation of foreclosures" and the "completion of foreclosures in process" with respect to mortgages insured by the FHA (U.S. Dept. of Hous. & Urban Dev., Mortgagee Letter 2020-04, available at 2020 WL 1426638; see Freedom Mtge. Corp. v King, 2023 WL 3494738, *4, 2023 US Dist LEXIS 86695, *9-*10 [ED NY May 17, 2023, No. 19-CV-4833 (NGG) (LB)]). The FHA COVID-19 moratorium was memorialized in a series of mortgagee letters, beginning with mortgagee letter 2020-04. These mortgagee letters were directed to "all FHA approved mortgagees" and "all government entity participants," among others.
On March 27, 2020, the United States Congress passed the Coronavirus Aid, Relief, and Economic Security Act (the CARES Act) (see 15 USC § 9001 et seq.; Islam v Cuomo, 475 F Supp 3d 144, 155 [ED NY 2020]), which provided certain forbearances for borrowers with federally backed mortgage loans and, more importantly, prohibited servicers of certain "[f]ederally backed mortgage loan[s]" from "initiat[ing] any judicial or non-judicial foreclosure process, mov[ing] for a foreclosure judgment or order of sale, or execut[ing] a foreclosure-related eviction or foreclosure sale for not less than the 60-day period beginning on March 18, 2020" (15 USCA § 9056[c][2]; see Freedom Mtge. Corp. v Gregg, 2021 WL 12186081, *2-*3, 2021 US Dist LEXIS 270822, *5-*6 [ED NY Sept 29, 2021, No 19-CV-861 (RRM) (RER)]).
On May 14, 2020, by mortgagee letter 2020-13, which referred to the CARES Act, HUD extended the FHA COVID-19 moratorium. Through subsequent mortgagee letters, the FHA COVID-19 moratorium eventually was extended through July 31, 2021 (see U.S. Dept. of Hous. & Urban Dev., Mortgagee Letter 2021-19, available at 2021 WL 3713371).
By the express terms of the mortgagee letters instituting and extending the FHA COVID-19 moratorium, including mortgagee letters 2020-13 and 2020-19, the FHA COVID-19 moratorium "applie(d) to all FHA Title II Single Family forward and Home Equity Conversion Mortgage (reverse) mortgage programs," or simply "all FHA-insured mortgages," with one express exception, namely, the FHA COVID-19 moratorium did not apply to FHA-insured mortgages secured by vacant or abandoned properties. This is consistent with the language in the CARES Act, which provided that the moratorium applied to any "[f]ederally backed mortgage loan" except for such mortgages on "vacant or abandoned property" (15 USC § 9056[c][2]). For the purpose of the moratorium, the CARES Act defined the term "federally backed mortgage loan" to include "any loan which is secured by a first or subordinate lien on residential real property (including individual units [*3]of condominiums and cooperatives) designed principally for the occupancy of from 1- to 4- families that is . . . insured by the [FHA] under title II of the National Housing Act" (id. § 9056[a][2][A] [emphasis added]).
C. Commencement of the Quiet Title Action
On June 10, 2021, the plaintiff commenced this action (hereinafter the quiet title action) against OneWest and Bank of New York Mellon Trust Company, N.A. (hereinafter BONY, and, together with OneWest, the defendants), not in its individual capacity but solely as owner trustee for Mortgage Assets Management Series I Trust. As alleged in the complaint, by a deed recorded on January 20, 2021, one of the borrower's "heirs-at-law," Ty Elonzo Allen, conveyed to the plaintiff his interest in the property encumbered by the reverse mortgage. The complaint further alleged that neither of the defendants were in possession of the property. Pursuant to RPAPL 1501(4), the plaintiff sought to cancel and discharge of record the reverse mortgage on the ground that the statute of limitations to commence a foreclosure action expired prior to the commencement of the quiet title action.
D. Second Foreclosure Action
On August 1, 2021, BONY commenced an action to foreclose the reverse mortgage, which is pending in the Supreme Court, Kings County, under Index No. 519175/21 (hereinafter the current foreclosure action). As alleged in the complaint in the current foreclosure action, the sum of $514,097 remained due under the note as of June 30, 2021. Among the defendants therein were no fewer than 21 alleged heirs and distributees of the borrower.
E. Motion Practice in the Quiet Title Action
On September 10, 2021, the defendants moved pursuant to CPLR 3211(a) to dismiss the complaint in the quiet title action on the ground that the statute of limitations was tolled by the FHA COVID-19 moratorium in effect from March 18, 2020, through July 31, 2021, and, thus, the current foreclosure action was timely commenced on August 1, 2021—just one day after the FHA COVID-19 moratorium ended. The plaintiff opposed the motion and cross-moved pursuant to CPLR 602(a) to consolidate the quiet title action with the current foreclosure action and, upon such consolidation, to compel the acceptance of the plaintiff's late answer in the current foreclosure action.
F. Order Appealed From
By order dated April 29, 2022, the Supreme Court granted the defendants' motion and denied the plaintiff's cross-motion as academic. The court found that the statute of limitations was tolled by the FHA COVID-19 moratorium, which remained in effect through July 31, 2021, and that BONY timely commenced the current foreclosure action on August 1, 2021.
The plaintiff appeals.
II. Legal Analysis
A. Summary of the Arguments on Appeal
The plaintiff does not dispute the existence of the FHA COVID-19 moratorium from March 18, 2020, to July 31, 2021, or its applicability to FHA-insured or federally backed mortgages. The plaintiff does not dispute that the reverse mortgage at issue is a federally backed mortgage. Instead, without case law or statutory support, the plaintiff argues that the FHA COVID-19 moratorium does not apply to the reverse mortgage because (1) the FHA COVID-19 moratorium applied only to single-family dwellings, and the property is a two-family dwelling, and (2) the FHA COVID-19 moratorium applied only to borrowers, not heirs of borrowers.
The defendants argue that, on its face, the FHA COVID-19 moratorium applies to this FHA-insured reverse mortgage insofar as the FHA COVID-19 moratorium applies to "Home Equity Conversion Mortgage (reverse) mortgage programs" and the only stated exception is for vacant or abandoned properties; there is no suggestion that the property is vacant or abandoned. As explained below, the defendants are correct.
B. Legal Background
The Home Equity Conversion Mortgage program governing reverse mortgages was authorized by the Housing and Community Development Act of 1987 (42 USC § 5301 et seq., as added by Pub L 100-242, 101 Stat 1815) for the purpose of meeting "the special needs of elderly homeowners by reducing the effect of the economic hardship caused by the increasing costs of meeting health, housing, and subsistence needs at a time of reduced income" (12 USC § 1715z-20[a][1]). A reverse mortgage "is first a mortgage and is considered the reverse of a traditional mortgage because the borrower is not required to make monthly or other periodic payments to repay [*4]the loan. Instead, the loan balance increases over time and does not become due and payable until one of a number of specified events occurs, such as the death of the borrower" (OneWest Bank, FSB v Swits, 210 AD3d 996, 997 [citation omitted], citing 12 USC § 1715z-20[b][3]; [j]).
A party with "an estate or interest" in real property subject to a mortgage may commence an action to cancel and discharge of record that mortgage where the applicable statute of limitations for commencing a foreclosure action has expired, provided that the mortgagee, or its successor, was not in possession of the property at the time such action was commenced (RPAPL 1501[4]; see DePalma v RoundPoint Mtge. Servicing Corp., 197 AD3d 1145, 1146-1147; 68 16th Realty, LLC v Bank of N.Y., 190 AD3d 796, 796). "[T]he expiration of the statute of limitations is an essential element of an action pursuant to RPAPL 1501(4)" (4 Stella Mgt., LLC v Citimortgage, Inc., 204 AD3d 868, 869; see Davis v Wilmington Sav. Fund Soc'y., FSB, 219 AD3d 798, 799).
An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]). "[O]nce a mortgage debt is accelerated, the entire amount is due and the statute of limitations begins to run on the entire debt" (Bank of N.Y. Mellon v Mor, 201 AD3d 691, 694; see Deutsche Bank Natl. Trust Co. v Lubonty, 208 AD3d 142, 146; WestVue NPL Trust II v Gokey, 175 AD3d 1463, 1464). As relevant here, a mortgage debt is accelerated by the commencement of a foreclosure action in which the complaint "elect[s] to call due the entire amount secured by the mortgage" (WestVue NPL Trust II v Gokey, 175 AD3d at 1464; see HSBC Bank USA, N.A. v Francis, 214 AD3d at 61).
As a general matter, "[w]here the commencement of an action has been stayed by a court or by statutory prohibition, the duration of the stay is not a part of the time within which the action must be commenced" (CPLR 204[a]). By this language, CPLR 204(a) provides for a "toll" (Lubonty v U.S. Bank N.A., 34 NY3d 250, 255). A toll suspends the running of the applicable statute of limitations for a finite time period, and the period of the toll is excluded from the calculation of the time in which a plaintiff may commence an action (see Chavez v Occidental Chem. Corp., 35 NY3d 492, 505 n 8; Brash v Richards, 195 AD3d 582, 582).
On March 20, 2020, then-Governor Andrew Cuomo issued Executive Order (A. Cuomo) No. 202.8 (9 NYCRR 8.202.8), which tolled the statute of limitations for many lawsuits and proceedings in New York due to the COVID-19 pandemic. This toll applied to foreclosures and it was extended through November 3, 2020. This Court has held that Executive Order 202.8 and seven subsequent executive orders constituted a "toll" (Brash v Richards, 195 AD3d at 582; see Espinal v Port Auth. of N.Y. & N.J., 213 AD3d at 102). The other three Departments of the Appellate Division have followed this Court's holding in Brash v Richards (see Harden v Weinraub, 221 AD3d 1460, 1462 [4th Dept]; Gabin v Greenwich House, Inc., 210 AD3d 497, 498 [1st Dept]; Matter of Roach v Cornell Univ., 207 AD3d 931, 933 [3d Dept]).
C. Discussion
As noted above, there is no dispute that, here, the statue of limitations began to run on April 4, 2014, when the mortgage debt was accelerated. Thus, absent tolling or other modification of the limitations period, the statute of limitations would have expired on April 4, 2020 (see CPLR 213[4]; Lubonty v U.S. Bank N.A., 34 NY3d at 252, 256). However, for reasons set forth herein, we agree with the Supreme Court that the FHA COVID-19 moratorium effectively tolled the statute of limitations from March 18, 2020, through July 31, 2021. Thus, the current foreclosure action was timely commenced on August 1, 2021, and the quiet title action was properly dismissed.
1. The FHA COVID-19 moratorium tolled the statute of limitations to foreclose this federally backed reverse mortgage.
Consistent with the language of the mortgagee letters and the CARES Act, various courts, including in the United States District Court for the Eastern District of New York, have recognized the FHA COVID-19 moratorium as a moratorium on foreclosures of "[f]ederally backed," or "[FHA-]insured," mortgages from March 18, 2020, to July 31, 2021 (15 USC 9056[a][2][A]; see e.g. Specialized Loan Servicing, LLC v Chan, 77 Misc 3d 868, 870 n [Sup Ct, Putnam County]; Money Source, Inc. v Mevs, 69 Misc 3d 238, 249 [Sup Ct, Suffolk County]; Freedom Mtge. Corp. v King, 2023 WL 3494738, *4, 2023 US Dist LEXIS 86695, *9; U.S. Bank Natl. Assn. as Trustee for RMAC Trust, Series 2016-CTT v Kozikowski, 2020 WL 9211147, *2 n 4, 2020 US Dist LEXIS 203228, *4 n 4 [ED NY, Oct. 29, 2020, No 19-CV-0783 (DLI) (CLP)] ["Due to the COVID-19 pandemic, there is currently a moratorium on mortgage foreclosures for [*5]homeowners with FHA-insured mortgages covered under the CARES Act" (citing 15 USC § 9056[c][2])], rep and recommendation adopted by 2021 WL 1207122, 2021 US Dist LEXIS 63664 [ED NY, Mar. 31, 2021, No. 190CV-00783 (DLI) (CLP)]; NewRez LLC v Emerson, 656 SW3d 255, 257 [Ky Ct App]; Virginia Hous. Dev. Auth. v Ononuju, 109 Va Cir 208 [VA Cir Ct, Dec. 20, 2021, Docket Nos CL20-1540-00, 01]; see also Springfield Hosp., Inc. v Guzman, 28 F4th 403, 426 [2d Cir] [listing "foreclosure moratoriums" as one of the benefits of the CARES Act]).
Trial courts in this State have specifically held that the FHA COVID-19 moratorium constituted a stay applicable to foreclosures of federally backed mortgages (see Bank of N.Y. Mellon Trust Co., N.A. v Hendrickson, 79 Misc 3d 540, 542 [Sup Ct, Rockland County] [foreclosure action "stayed from March 18, 2020 through July 31, 2021, due to the residential foreclosure moratorium put in place by Congress's passage of the [CARES Act] on March 27, 2020," and HUD's subsequent extension thereof (citation omitted)]; Nationstar Mtge. LLC v DiStefano, 2022 NY Slip Op 30966[U],*4 [Sup Ct, Albany County]; Money Source, Inc. v Mevs, 69 Misc 3d at 253 [due to the FHA COVID-19 moratorium, the court did "not address actions concerning FHA insured mortgages"]). We agree that the FHA COVID-19 moratorium constituted a stay. Further, consistent with the law in this State that Executive Order 202.8 constitutes a toll (see Brash v Richards, 195 AD3d at 585), we hold that this stay, in effect from March 18, 2020, to July 31, 2021, tolled the statute of limitations for actions to foreclose federally backed mortgages, including the reverse mortgage at issue herein.
2. It is immaterial that the property is a two-family dwelling.
Without citing any authority, the plaintiff make a conclusory assertion that the FHA COVID-19 moratorium applies only to single-family dwellings. The defendants do not directly refute that the property is a two-family dwelling. Both a 2007 recording and endorsement cover page for the reverse mortgage and a 2003 recording and endorsement cover page for the deed to the property reflect that the property type is "Dwelling Only - 2 Family." For the purposes of this appeal, we assume, without deciding, that the property is indeed a two-family dwelling. However, contrary to the plaintiff's contention, the FHA COVID-19 moratorium applies to all federally backed mortgages, regardless of whether they encumber two-family dwellings.
Initially, we observe that trial courts in this State have specifically held that the FHA COVID-19 moratorium applies to federally backed reverse mortgages, such as the reverse mortgage at issue herein (see Nationstar Mtge. LLC v DiStefano, 2022 NY Slip Op 30966[U], *4 [CARES Act "resulted in a moratorium on foreclosures of Federally-backed mortgages commencing on March 18, 2020, and this moratorium was thereafter extended by (HUD) through July 31, 2021 (which) specifically applied to FHA reverse mortgage programs" (footnote omitted)]; see also Bank of N.Y. Mellon Trust Co., N.A. v Hendrickson, 79 Misc 3d at 541-542).
Further, as set forth above, the FHA COVID-19 moratorium specifically applied to all "Home Equity Conversion Mortgage (reverse) mortgage programs" and, more broadly, to "all FHA-insured mortgages" or all federally backed mortgages, except for those secured by vacant or abandoned properties (see e.g. U.S. Dept. of Hous. & Urban Dev., Mortgagee Letters 2020-13 and 2020-19, available at 2020 WL 2513816 and 2020 WL 3406854, respectively; see also 15 USC § 9056[c][2]).
Moreover, the CARES Act specifically defined "federally backed mortgage loan[s]" to include certain loans "designed principally for the occupancy of from 1- to 4- families" (15 USC § 9056[a][2][A]). This is consistent with 12 USC § 1715z-20(d)(3), entitled "Insurance of home equity conversion mortgages for elderly homeowners," which provides that, to be eligible for such insurance, a mortgage shall, among other things, "be secured by a dwelling that is designed principally for a 1- to 4-family residence in which the mortgagor occupies 1 of the units."
3. It is immaterial whether the foreclosure defendants may be borrowers, heirs, or others.
The plaintiff's conclusory assertion that the FHA COVID-19 moratorium applies only to borrowers is unsupported and untenable. There is no language in the mortgagee letters or the relevant provision of the CARES Act limiting the FHA COVID-19 moratorium to borrowers. The FHA COVID-19 moratorium was directed at foreclosures on specific mortgage loans, namely, "federally backed mortgage loan[s]" (15 USC § 9056[c][2]). It was in no way limited to particular foreclosure defendants. Moreover, denying heirs the benefit of the FHA COVID-19 moratorium would be inconsistent with its applicability to reverse mortgage programs, wherein heirs or estate [*6]administrators may become foreclosure defendants (see generally 12 USC § 1715z-20; OneWest Bank, FSB v Swits, 210 AD3d at 997; CIT Bank, N.A. v Fernandez, 203 AD3d 876; OneWest Bank N.A. v Muller, 189 AD3d 853; Ryan Class, You Can Go Home Again: Achieving the Goals of HUD's Reverse Mortgage Program While Protecting Non-Borrower Spouses and Other Heirs, 37 Rev Banking & Fin L 413, 413, 419 [2017]).
III. Conclusion
Because the limitations period was tolled by the FHA COVID-19 moratorium, even when viewing the pleadings and submissions favorably to the plaintiff, the statute of limitations actually expired after the plaintiff commenced the quiet title action, which requires dismissal thereof (see generally Cruz v Bank of N.Y. Mellon, 218 AD3d 638, 640; 4 Stella Mgt., LLC v Citimortgage, Inc., 204 AD3d at 869-870). In light of this, we need not reach any of the parties' remaining contentions.
Accordingly, the Supreme Court properly granted the defendants' motion pursuant to CPLR 3211(a) to dismiss the complaint and denied, as academic, the plaintiff's cross-motion, inter alia, to consolidate the quiet title action with an action entitled Bank of New York Mellon Trust Company, N.A. v Munn, pending in the same court under Index No. 519175/21. Thus, the order is affirmed.
DUFFY, J.P., FORD and LOVE, JJ., concur.
ORDERED that the order is affirmed, with costs.
ENTER:
Darrell M. Joseph
Clerk of the Court

Footnotes

Footnote 1: Thelma Miller was the sole borrower.

Footnote 2: In or around January 2020, the note and mortgage were assigned or otherwise transferred to Bank of New York Mellon Trust Company, N.A., as trustee.