Wells Fargo Bank, N.A. v Costa

2026 NY Slip Op 02000

April 1, 2026

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This decision is uncorrected and subject to revision before publication in the Official Reports.

Wells Fargo Bank, N.A., etc., appellant,

v

Sharon Costa, respondent, et al., defendants.

Supreme Court of the State of New York, Appellate Division, Second Judicial Department

Decided on April 1, 2026

2024-12745, (Index No. 717349/17)

Colleen D. Duffy, J.P.

William G. Ford

Donna-Marie E. Golia

Susan Quirk, JJ.

Akerman LLP, New York, NY (Jordan M. Smith of counsel), for appellant.

Jonathan S. Koren, P.C., Brooklyn, NY, for respondent.

[*1]

DECISION & ORDER

In an action to foreclose a mortgage, the plaintiff appeals from an order of the Supreme Court, Queens County (Mojgan Cohanim Lancman, J.), entered October 15, 2024. The order, insofar as appealed from, granted the motion of the defendant Sharon Costa for summary judgment dismissing the complaint insofar as asserted against her.

ORDERED that the order is affirmed insofar as appealed from, with costs.

In December 2007, the plaintiff commenced an action against certain defendants, including Josephine Chandler, an individual that the plaintiff alleged had executed a certain note, to foreclose a mortgage encumbering certain real property located in Queens (hereinafter the 2007 action). In an order dated April 3, 2009, the Supreme Court granted the plaintiff's motion, inter alia, to voluntarily discontinue the 2007 action. In November 2009, the plaintiff commenced a second action against certain defendants, including Chandler, to foreclose the mortgage (hereinafter the 2009 action). Subsequently, the plaintiff moved for leave to serve a supplemental summons and amended complaint naming Chandler's heirs as defendants in Chandler's place. By order dated January 16, 2010, the court granted the motion and appointed a guardian ad litem for Chandler's heirs. Thereafter, by stipulation dated March 19, 2015, the plaintiff and the guardian ad litem agreed to discontinue the 2009 action.

In December 2017, the plaintiff commenced this action against, among others, the defendant Sharon Costa and Chandler's unknown heirs to foreclose the mortgage. In January 2024, Costa moved for summary judgment dismissing the complaint insofar as asserted against her as time-barred, among other grounds. The plaintiff opposed the motion. In an order entered October 15, 2024, the Supreme Court, inter alia, granted Costa's motion. The plaintiff appeals.

An action to foreclose a mortgage is governed by a six-year statute of limitations (see CPLR 213[4]; Lubonty v U.S. Bank N.A., 34 NY3d 250, 261; U.S. Bank N.A. v Medianik, 223 AD3d 935, 937). "[E]ven if a mortgage is payable in installments, once a mortgage debt is accelerated, the entire amount is due and the Statute of Limitations begins to run on the entire debt" (BHMPW Funding, LLC v Lloyd-Lewis, 194 AD3d 780, 782 [internal quotation marks omitted]; see U.S. Bank N.A. v Medianik, 223 AD3d at 937). "Acceleration occurs, inter alia, by the commencement of a foreclosure action wherein the [holder of the note] elects in the complaint to call due the entire [*2]amount secured by the mortgage" (GMAT Legal Title Trust 2014-1 v Kator, 213 AD3d 915, 916; see U.S. Bank N.A. v Medianik, 223 AD3d at 937).

Here, in support of her motion, Costa established that the six-year statute of limitations began to run, at the latest, in November 2009, when the plaintiff commenced the 2009 action and elected in the complaint to call due the entire amount secured by the mortgage (see HSBC Bank USA, N.A. v Corrales, 224 AD3d 816, 818). Insofar as the plaintiff concedes that this action was not commenced until December 2017, more than six years after the statute of limitations began to run, Costa established, prima facie, that this action was time-barred (see CPLR 213[4]; U.S. Bank N.A. v Outlaw, 217 AD3d 721, 722-723).

In opposition, the plaintiff failed to raise a triable issue of fact as to the timeliness of this action. Contrary to the plaintiff's contention, Chandler's death prior to the commencement of the 2009 action did not "revoke or invalidate, or otherwise destroy, [the lender's] express invocation of the contractual election to accelerate the debt" (Wilson 3 Corp. v Deutsche Bank Natl. Trust Co., 219 AD3d 870, 871 [internal quotation marks omitted]; see Trento 67, LLC v OneWest Bank, N.A., 230 AD3d 1, 4; Wells Fargo Bank, N.A. v Torres, 187 AD3d 825).

The plaintiff's remaining contentions are either without merit (see Deutsche Bank Natl. Trust Co. v Dagrin, 233 AD3d 1065; 97 Lyman Ave., LLC v MTGLQ Invs., L.P., 233 AD3d 1038) or improperly raised for the first time on appeal.

DUFFY, J.P., FORD, GOLIA and QUIRK, JJ., concur.

ENTER:

Darrell M. Joseph

Clerk of the Court